1  Peter Anderson, Esq., Cal. Bar No. 88891
      peteranderson@dwt.com
2  Sean M. Sullivan, Esq., Cal. Bar No. 229104
      seansullivan@dwt.com
3  Eric H. Lamm, Esq., Cal. Bar No. 324153
      ericlamm@dwt.com
4  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
5  Los Angeles, CA 90017-2566
   Tel: (213) 633-6800
6  Fax: (213) 633-6899

7  Attorneys for Defendants
   SAMUEL SMITH, NORMANI KORDEI
8  HAMILTON, also sued as SONGS OF NKH,
   JAMES NAPIER, TOR HERMANSEN and
9  MIKKEL ERIKSEN, also sued as STARGATE,
   UMG RECORDINGS, INC., UNIVERSAL
10  MUSIC GROUP, INC., SONY MUSIC
   PUBLISHING (US) LLC, EMI BLACKWOOD
11  MUSIC INC., EMI APRIL MUSIC INC.,
   SONY CORPORATION OF AMERICA,
12  45TH AND 3RD MUSIC LLC, TIM &
   DANNY MUSIC LLC, DOWNTOWN
13  MUSIC PUBLISHING LLC, NAUGHTY
   WORDS LIMITED, SONY/ATV MUSIC PUBLISHING
14  (UK) LTD., and EMI MUSIC PUBLISHING LTD.

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17              **WESTERN DIVISION**

18  Sound and Color, LLC,                          )  Case No. 2:22-cv-01508-AB-AS
                                                    )
19            Plaintiff,                            )  REPLY MEMORANDUM OF
                                                    )  POINTS AND AUTHORITIES IN
20       v.                                         )  SUPPORT OF DEFENDANTS'
                                                    )  MOTION TO DISMISS SECOND
21  Samuel Smith, Normani Kordei                    )  AMENDED COMPLAINT'S CLAIM
   Hamilton, Stargate, Mikkel Storleer             )  FOR VICARIOUS COPYRIGHT
22  Eriksen, Tor Erik Hermansen, James             )  INFRINGEMENT FOR FAILURE TO
   John Napier, Universal Music Group,             )  STATE A CLAIM
23  Universal Music Operations Limited,            )
   UMG Recordings Inc., Sony Music                 )  Date: August 11, 2023
24  Group, Sony Corporation of America,            )  Time: 10:00 a.m.
   Sony/ATV Music Publishing LLC,                  )
25  Sony/ATV Music Publishing Ltd.,                )  Courtroom of the Honorable
   Sony/ATV Songs LLC, EMI Music                   )  André Birotte, Jr.
26  Publishing LTD, EMI April Music Inc.,          )  United States District Judge
   EMI Blackwood Music Inc., Downtown              )
27  Music Publishing LLC, Salli Isaak Songs        )
   LTD, Naughty Words Limited, Songs of            )
28       (Continued on next page)                  )

NKH, Stellar Songs Limited, Stellar )
Songs, Tim & Danny Music LLC, 45th & )
3rd Music LLC, )
                        )
             Defendants. )
_____ )

# TABLE OF CONTENTS

**Page**

1. SUMMARY OF REPLY .................................................................................. 1

2. PLAINTIFF FAILS TO REBUT DEFENDANTS' SHOWING THAT PLAINTIFF STILL FAILS TO PLEAD VICARIOUS INFRINGEMENT...... 2

    (a) Plaintiff's Opposition Highlights the Second Amended Complaint's Conclusory Allegations and Misrepresentations ..................................... 2

    (b) Plaintiff's Allegations that Defendants Licensed Direct Infringements Do Not State a Claim for Vicarious Copyrght Infringement.................. 5

        (1) The Alleged Direct Infringements Are Outside the Supervision and Control of a Licensing Defendant............................................ 6

            (i) Rule 12(g)(2) Does Not Apply to Defendants' Motion ...... 6

                a. Rule 12(g)(2) Applies to Follow-Up Attempts to Make a Rule 12 Motion Not Previously Made ......... 6

                b. Here, Defendants Previously Made the Same Rule 12(b) Motion Challenging the Same Claim ..... 7

                c. Rule 12(g)(2) Is Not the Hard-and-Fast Rule That Plaintiff Makes it Out to Be............................. 8

            (ii) To Allege the Required Supervision and Control, the Direct Infringement Must Occur on the Vicariously Liable Defendant's Real or Virtual Premises..................... 9

        (2) Licensing an Alleged Third-Party Infringement Is at Most One Element of a Contributory Infringement Claim, Which Plaintiff Has Abandoned as Incurably Defective ...................................... 11

            (i) *Subafilms* Establishes that "to Authorize" in § 106 Refers to Contributory Infringement................................. 12

            (ii) Plaintiff Mischaracterizes *Subafilms*, which Confirmed "to Authorize" Refers to Contributory Infringement........ 13

    (c) Plaintiff Fails to Suggest How It Could Cure the Fundamental Defects in its Vicarious Infringement Claim ......................................... 14

3. CONCLUSION ................................................................................. 15

i

1

## TABLE OF AUTHORITIES

2
**Page(s)**

3
**Cases**

4
*A&M Records, Inc. v. Napster, Inc.*,

5
    239 F.3d 1004 (9th Cir. 2001) ................................................................. 10, 11

6
*Apps v. Universal Music Grp., Inc.*,

7
    283 F. Supp. 3d 946 (D. Nev. 2017), *aff'd*,
    763 F. App'x 599 (9th Cir. 2019) .................................................................4

8
*Cuviello v. City of Vallejo*,

9
    No. 16-CV-02584-KJM-KJN, 2020 WL 6728796

10
    (E.D. Cal. Nov. 16, 2020) ............................................................................9

11
*Harrell v. City of Gilroy*,

12
    No. 17-CV-05204-LHK, 2019 WL 452039
    (N.D. Cal. Feb. 5, 2019) ..............................................................................7

13

14
*In re Apple iPhone Antitrust Litig.*,
    846 F.3d 313 (9th Cir. 2017), *aff'd sub nom.*

15
    *In re Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019) ....................... 6, 7, 8

16
*Jordan v. Star Trak Entm't, Inc.*,

17
    No. CV 09-5123 RSWL FMGX,
    2010 WL 454374 (C.D. Cal. Feb. 8, 2010) ..............................................4

18

19
*Keely v. Skylab Apps, Inc.*,
    No. 19-CV-2078-CAB-KSC, 2020 WL 1984057

20
    (S.D. Cal. Apr. 27, 2020) .............................................................................7

21
*Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc.*,

22
    964 F.2d 965 (9th Cir. 1992) ......................................................................13

23
*Luvdarts, LLC v. AT & T Mobility, LLC*,

24
    710 F.3d 1068 (9th Cir. 2013) ...................................................................14

25
*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007) ............................................. 9, 10, 11, 14

26

27
*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ..................................................... 9, 10, 11

28

*Peter Starr Prod. Co. v. Twin Cont'l Films, Inc.*,
 783 F.2d 1440 (9th Cir. 1986) ............................................................................12

*Range Rd. Music, Inc. v. E. Coast Foods, Inc.*,
 668 F.3d 1148 (9th Cir. 2012) ...........................................................................11

*Routt v. Amazon.com, Inc.*,
 584 F. App'x 713 (9th Cir. 2014) ................................................................ 10, 11

*Service Women's Action Network v. Mattis*,
 352 F. Supp. 3d 977 (N.D. Cal. 2018) ..................................................................9

*Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*,
 24 F.3d 1088 (9th Cir. 1994) ....................................................... 12, 13, 14

*Twentieth Century Music Corp. v. Aiken*,
 422 U.S. 151 (1975) ..........................................................................................11

*United States v. Somnia, Inc.*,
 339 F. Supp. 3d 947 (E.D. Cal. 2018) ..................................................................8

**Statutes**

17 U.S.C.
 § 106 ............................................................................................................ 12, 13
 § 501 ..................................................................................................................12

**Rules**

Federal Rules of Civil Procedure
 Rule 1 ..................................................................................................................8
 Rule 8(a)(2) ..........................................................................................................5
 Rule 12 ..................................................................................................... 6, 7, 8, 9
 Rule 12(b) ............................................................................................................7
 Rules 12(b)(2)–(5) ...............................................................................................6
 Rule 12(b)(6) ............................................................................................. *passim*
 Rule 12(g)(2) ............................................................................................ 6, 7, 8, 9

**Other Authorities**

2 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 8.19[A] (2022) ....................4

3 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 12.04[A][3][a] (1991)........13

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   SUMMARY OF REPLY

Beginning with its initial Complaint, Plaintiff has alleged that all Defendants copied and reproduced Plaintiff's song, which are allegations of direct copyright infringement.[1] But Plaintiff has, without success, strained to try to also plead claims for contributory and vicarious copyright infringement against the same Defendants.

After Defendants filed their Motion to dismiss these secondary liability claims in Plaintiff's Complaint, Plaintiff opted to file its First Amended Complaint. Because Plaintiff did not cure the defects, Defendants again moved to dismiss these two claims. In granting Defendants' last Motion, the Court concluded that Plaintiff's allegations that all Defendants also are contributory and vicarious infringers because they supposedly licensed *Dancing with a Stranger* are conclusory and fail to provide each Defendant with notice of the specific basis for his, her, or its secondary liability.

This time around, Plaintiff's Second Amended Complaint abandons contributory infringement and doubles down on Plaintiff's argument that licensing an allegedly infringing work makes the licensor a vicarious infringer. Plaintiff adds more conclusory allegations, and also misrepresents the contents of Exhibits attached to Plaintiff's Second Amended Complaint. It does all that to try to salvage its claim that Defendants are vicarious infringers because they have licensed *Dancing with a Stranger* to third parties who stream it on third-party streaming platforms, post it on third-party websites, or broadcast it on third-party radio stations.

Plaintiff's embellishments not only fall short (*see below* at 2-5), they are for naught because the Ninth Circuit Court of Appeals—in a case that Defendants' Motion raised but Plaintiff's Opposition ignores—has ruled that licensing third-party

_____

[1] "Defendants" refers to the defendants who have appeared in this action. They include the United Kingdom companies, Naughty Words Limited, Sony/ATV Music Publishing (UK) Ltd., and EMI Music Publishing Ltd., who also have renewed their Motions to dismiss them for lack of personal jurisdiction and improper venue.

uses does not provide the licensor with the right and ability to control and supervise the third parties' activities that is required to plead a plausible claim for vicarious copyright infringement. *See below* at 9-11. Plaintiff has placed all of its eggs in its licensing argument basket and, as a matter of established law, that argument fails. Indeed, if Plaintiff were correct—and it is not—every licensor of an allegedly infringing work would automatically be subject to a claim for vicarious infringement. That is not the law.

This fundamental flaw in Plaintiff's attempt to state a claim for vicarious copyright infringement cannot be cured. Accordingly, Defendants respectfully submit that their Motion to Dismiss that claim should be granted, without leave to amend.

## 2. PLAINTIFF FAILS TO REBUT DEFENDANTS' SHOWING THAT PLAINTIFF STILL FAILS TO PLEAD VICARIOUS INFRINGEMENT

### (a) Plaintiff's Opposition Highlights the Second Amended Complaint's Conclusory Allegations and Misrepresentations

As with Plaintiff's last attempt to plead a claim for vicarious copyright infringement, Plaintiff's Second Amended Complaint divides the Defendants into two groups, namely (1) those it alleges created *Dancing with a Stranger* and (2) all the remaining Defendants. Plaintiff's Opposition highlights the deficiencies in its allegations by quoting them verbatim.

As for the first group, Plaintiff quotes its Second Amended Complaint's allegation that by creating *Dancing with a Stranger*, the Defendant authors—Sam Smith, Normani Hamilton, James Napier, Mikkel Eriksen, and Tor Hermansen—directly infringed. Pltf's R. 12(b)(6) Opp. (Doc. 129) at 6:20-26.[2] Plaintiff also now alleges that Defendants Tim & Danny Music LLC ("Tim & Danny Music") and 45th and 3rd Music LLC ("45th and 3rd Music") are direct infringers because they, as

---

[2]     Due apparently to the Court's security measures, hyperlinks to internal pages of documents on PACER may instead lead to the first page of the documents.

record producers, supposedly helped create *Dancing with a Stranger*. <u>Id.</u> In any event, Plaintiff again also sues the alleged creators of *Dancing with a Stranger* for vicarious copyright infringement.

But in granting Defendants' last Motion, the Court raised that since "a defendant cannot be secondarily liable for their own direct infringement," Plaintiff's claim that the creators of *Dancing with a Stranger* are also vicarious infringers requires that Plaintiff identify another's direct infringement for which the creators are supposedly vicariously liable, and explain how the creators "had the right and ability to supervise the underlying" direct infringement. <u>Order (Doc. 102) at 32:5-18</u>. But nowhere does Plaintiff even attempt to do so. Instead, Plaintiff falls back on its prior, insufficient allegation that "Defendants licensed Defendants' song." And Plaintiff also admits it has no basis to allege that Tim & Danny Music and 45th and 3rd Music licensed anything. <u>Pltf's 12(b)(6) Opp. at 7:4</u>, <u>12:18-20</u>.

For these reasons alone, Plaintiff's claim for vicarious infringement is properly dismissed as to Mr. Smith, Ms. Hamilton, Mr. Napier, Mr. Eriksen, Mr. Hermansen, Tim & Danny Music, and 45th and 3rd Music.

Plaintiff's Opposition fares no better as to the remaining Defendants. For example, Plaintiff quotes its Second Amended Complaint's allegations that "[t]he YouTube and Spotify Profiles" and other items in its pleading's Exhibit 9 identify "Universal Music Group, UMG Recordings (dba as Capitol Records), and Sony Music Publishing" as having licensed the right to stream *Dancing with a Stranger*. <u>Pltf's 12(b)(6) Opp. at 7:9-10</u>, <u>15-17</u>. But "Universal Music Group" is not a defendant; Plaintiff did name "Universal Music Group, Inc.," but it is only a holding company and licenses nothing;[3] nowhere does Exhibit 9 mention UMG

---

[3]   *See, e.g.*, <u>*Apps v. Universal Music Grp., Inc.*, 283 F. Supp. 3d 946, 950 (D. Nev. 2017)</u> ("It is undisputed that UMGI has no operations and does not create, develop, perform, market, sell, distribute, or otherwise exploit music"), *aff'd*, <u>763 F. App'x 599 (9th Cir. 2019)</u>; <u>*Jordan v. Star Trak Entm't, Inc.*, No. CV 09-5123 RSWL FMGX,</u>

Recordings, Inc.; and Exhibit 9 refers to "UMG," the abbreviation of Universal Music Group, a trade name.  <u>SAC Ex. 9 (Doc. 114 at 143)</u>.  Further, Plaintiff's Opposition simply ignores that streaming rights may be conferred by statute rather than a license.  *See* <u>Defs' R. 12(b)(6) Memo. at 4:11-15, n.3</u>.

Plaintiff's Opposition also repeats its pleading's allegation that Exhibit 11 is a copy of *Dancing with a Stranger* sheet music that identifies "Salli Isaak Songs Ltd., Songs of NKH, Stellar Songs Limited, EMI Blackwood Music, Inc., Naughty Words Limited, Downtown Music UK Limited, EMI Music Publishing Ltd., and Sony/ATV Music Publishing (UK) Ltd." as "owning *and licensing* Defendants' composition." <u>Pltf's R. 12(b)(6) Opp. at 7:18-22</u> (emphasis added).  But Plaintiff's allegation is false: Exhibit 11 identifies only Sony/ATV Music Publishing as the licensor.  *See* <u>SAC Ex. 11 (Doc. 114 at 156)</u>.  While others are listed in the statutory copyright notice ("© 2018"), that does not make them licensors of that sheet music.

Plaintiff's Opposition also quotes its pleading's new allegations—once again lumping all Defendants together—that "Defendants administer and act as publishers or sub-publishers of Defendants' song."  <u>Pltf's R. 12(b)(6) Opp. at 8:14-19</u>.  Plaintiff also refers to Defendants supposedly licensing the public performance of *Dancing with a Stranger* on "radio stations" and at "venues."  <u>*Id.*</u>  But those types of public performances are licensed by performing rights societies, not any Defendants directly. *See, e.g.*, <u>2 M. Nimmer & D. Nimmer, Nimmer on Copyright § 8.19[A] (2022)</u> ("A 'performing rights society' is an association, corporation, or other entity that licenses the public performance of nondramatic musical works on behalf of copyright owners of such works, such as the American Society of Composers, Authors and Publishers (ASCAP), Broadcast Music, Inc. (BMI), and SESAC, Inc.").

_____

<u>2010 WL 454374, at *1 (C.D. Cal. Feb. 8, 2010)</u> (Universal Music Group, Inc., "is a holding company with no operations [and] does not create, develop, perform, market, sell, distribute, or exploit recorded music or musical compositions"), *order corrected*, <u>2010 WL 11523638 (C.D. Cal. May 13, 2010)</u>.

Finally, Plaintiff's Opposition quotes the two conclusions that its pleading draws from these various allegations.  First, Plaintiff quotes its pleading's assertion that Defendants who licensed *Dancing with a Stranger* were "aware that the song was being exploited."  Pltf's R. 12(b)(6) Opp. at 7:9-12, 8:20-23.  But allegedly knowing that a song is being exploited does not constitute vicarious or any other type of copyright infringement.  Second, Plaintiff quotes its pleading's allegation that the Defendants who licensed the use of *Dancing with a Stranger* are either direct or vicarious infringers.  *Id.* at 8:1-9.  But the Court has already rejected that allegation for failure to satisfy Federal Rule of Civil Procedure 8(a)(2)'s notice requirements.  *See* Order at 32:19-33:17.

Plaintiff's new licensing allegations are insufficient to provide each Defendant with notice of the direct infringements for which he, she, or it is supposedly vicariously liable.  But as Defendants next discuss, Plaintiff's licensing allegations fail to save its vicarious infringement claim for the simple reason that licensing another's use does not establish the right and ability to supervise and control the third party's use that is required to plead a plausible claim for vicarious infringement.

**(b)**     **Plaintiff's Allegations that Defendants Licensed Direct Infringements Do Not State a Claim for Vicarious Copyright Infringement**

In support of their Motion, Defendants showed that (1) licensing a use does not give the licensor the required right and ability to supervise and control the third party's use, and (2) alleged licensing is at most an element of contributory infringement, a claim Plaintiff abandoned.  *See* Defs' 12(b)(6) Memo. at 5-8.  Plaintiff's Opposition does not rebut either showing.  Nor could it.  Otherwise every licensor of an allegedly infringing work would automatically be subject to a claim for vicarious copyright infringement.  No case supports that startling proposition and, indeed, the statute and caselaw refute it.

///

5

**(1)     The Alleged Direct Infringements Are Outside the Supervision and Control of a Licensing Defendant**

**(i)     Rule 12(g)(2) Does Not Apply to Defendants' Motion**

In support of their Motion, Defendants cited caselaw establishing that the control and supervision required to plead a plausible claim for vicarious copyright infringement is not satisfied by alleging a license to a third party. *See* Defs' R. 12(b)(6) Memo. at 5-7. Plaintiff tries to avoid those cases by arguing that Federal Rule of Civil Procedure 12(g)(2) precludes Defendants from citing them. There is absolutely no merit to Plaintiff's argument.

**a.     Rule 12(g)(2) Applies to Follow-Up Attempts to Make a Rule 12 Motion Not Previously Made**

Plaintiff first argues that "FRCP 12(g)(2) requires consolidation of almost all 12(b) *arguments* in one motion, and prohibits *arguments* in a motion to dismiss that could have been raised in a prior motion to dismiss but were not." Pltf's 12(b)(6) Opp. at 14:9-11 (emphasis added).

But Rule 12(g)(2) nowhere refers to "arguments" and, instead provides that subject to certain exceptions, a "party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Further, "[t]he consequence of omitting a defense from an earlier motion under Rule 12 depends on [the] type of defense omitted." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317 (9th Cir. 2017), *aff'd sub nom. In re Apple Inc. v. Pepper*, 139 S. Ct. 1514 (2019).

For example, "[a] defendant who omits a defense under Rules 12(b)(2)–(5)—lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process—entirely waives *that defense*." *In re Apple*, 846 F.3d at 317 (emphasis added). Similarly, "a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6)...." *Id.* at 318. Likewise, under Rule 12(g)(2), a

6

party who directs a Rule 12(b)(6) motion to only some of the claims in a pleading cannot then file a second Rule 12(b)(6) motion as to claims he failed to challenge by the first Rule 12(b)(6) motion.  *Harrell v. City of Gilroy*, No. 17-CV-05204-LHK, 2019 WL 452039, at *7 (N.D. Cal. Feb. 5, 2019) ("City Defendants made two prior Rule 12 motions, but despite having the defense available, raised no Rule 12(b)(6) defense to any [of] the seven causes of action against City Defendants in Harrell's SAC"; Rule 12(g)(2) "prohibits City Defendants from moving to dismiss those causes of action for the first time at this late stage.").  And in the lone case that Plaintiff cites in support of its Rule 12(g)(2) argument, the district court relied on Rule 12(g)(2) to deny a California Anti-SLAPP motion to strike, treated by federal courts as a Rule 12(b)(6) motion, after denying an earlier Rule 12(b)(6) motion that did not raise the California statute.  *Keely v. Skylab Apps, Inc.*, No. 19-CV-2078-CAB-KSC, 2020 WL 1984057, at *1 (S.D. Cal. Apr. 27, 2020).

**b.      Here, Defendants Previously Made the Same Rule 12(b) Motion Challenging the Same Claim**

But none of that happened here.  Instead, Defendants first filed a Rule 12(b)(6) motion to dismiss Plaintiff's vicarious copyright infringement claim in Plaintiff's Complaint, then filed a Rule 12(b)(6) motion to dismiss the same claim in Plaintiff's First Amended Complaint, and now have filed a Rule 12(b)(6) motion to dismiss the same claim in Plaintiff's Second Amended Complaint.  That, alone, is sufficient to make Rule 12(g)(2) inapplicable because Defendants did not "fail[ ] to assert a failure-to-state-a-claim defense [to Plaintiff's vicarious infringement claim] in [Defendants' prior] Rule 12 motion[s]."  *In re Apple*, 846 F.3d at 318; *see also* Fed. R. Civ. P. 12(g)(2) (Rule 12(g)(2) applies to "raising a defense or objection that was available to the party *but omitted from its earlier motion*." (emphasis added)).

Moreover, each of Defendants' Rule 12(b)(6) Motions moved to dismiss the vicarious infringement claim on the same grounds, namely that Plaintiff fails to provide notice to each Defendant of the direct infringement for which the Defendant

is supposedly vicariously liable, and how she, he, or it had the right and ability to supervise and control the alleged direct infringement.  *See* Defs' 1st Rule 12(b)(6) Notice (Doc. 40) at 1, ¶ 2, & Memo. (Doc. 40-1) at 10-12; Defs' 2nd Rule 12(b)(6) Notice (Doc. 50) at 1-2, ¶ 3, & Memo. (Doc. 50-1) at 14-16.

Further, Plaintiff—in a failed attempt to identify direct infringements for which Defendants are supposedly vicariously liable (*see above* at 2-5)—adds thirty-three paragraphs with broad allegations as to licensing activities and then adds or revises four paragraphs of its second claim for vicarious copyright infringement to supposedly establish that licensing is a vicarious infringement.  SAC at 11-18, ¶¶ 64-96, 48, ¶¶ 324-27.  Nothing in Rule 12(g)(2) prevents Defendants from raising that, as a matter of law, these new allegations fail to establish that each Defendant had the right and ability to supervise and control third-party licensees required to plead a claim for vicarious copyright infringement.

Simply put, Rule 12(g)(2) provides that a party cannot make a Rule 12 motion that the party failed to make in an earlier round of pleading.  It does not, as Plaintiff suggests, preclude a party from citing additional caselaw and legal arguments when it renews the same Rule 12 motion as to the same claim in an amended pleading.

### c.   Rule 12(g)(2) Is Not the Hard-and-Fast Rule That Plaintiff Makes it Out to Be

Further, Plaintiff simply ignores the district courts' well-established broad discretion to allow a motion brought in good faith despite Rule 12(g)(2), because that Rule "can produce unnecessary and costly delays, contrary to the direction of Rule 1." *In re Apple*, 846 F.3d at 318 (citing Fed. R. Civ. P. 1).  Indeed, in this Circuit, Rule 12(g)(2) is by far honored more in the breach.  *See, e.g., United States v. Somnia, Inc.*, 339 F. Supp. 3d 947, 952–53 (E.D. Cal. 2018) (In light of Rule 1, "the Ninth Circuit has acknowledged and approved of the 'practical wisdom' employed by multiple district courts that have ruled on the merits of late-filed Rule 12(b)(6) motions despite the language of Rule 12(g)(2) seemingly precluding consideration of those

arguments."); *Service Women's Action Network v. Mattis*, 352 F. Supp. 3d 977, 987 (N.D. Cal. 2018) (same); *Cuviello v. City of Vallejo*, No. 16-CV-02584-KJM-KJN, 2020 WL 6728796, at *5 (E.D. Cal. Nov. 16, 2020) ("The court adheres to the policy of efficient resolution the Rules embody, and so proceeds to considering the merits of defendants' motion."). While Rule 12(g)(2) is plainly inapplicable here, even if it could apply it would not be an impediment to Defendants' third Motion to dismiss Plaintiff's claim for vicarious copyright infringement.

Defendants' Rule 12(b)(6) challenge to Plaintiff's vicarious copyright infringement claim was "asserted in the first [and second] motion to dismiss under Rule 12" (Fed. R. Civ. P. 12(g)(2)), and Rule 12(g)(2) does not apply.

### (ii)    To Allege the Required Supervision and Control, the Direct Infringement Must Occur on the Vicariously Liable Defendant's Real or Virtual Premises

Defendants showed that vicarious copyright infringement requires that the direct infringement occur on the defendant's physical or virtual premises—that is, somewhere, or something over which, the Defendant actually has "the right and ability to supervise" and "control" the direct infringement. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007) ("*Visa*"); Defs' R. 12(b)(6) Memo. at 5-6. Rather than rebutting that showing, Plaintiff ignores cases Defendants cited and completely mischaracterizes another.

In its Opposition, Plaintiff asserts that Defendants cited no cases requiring that the direct infringement occur on the supposedly vicariously liable defendant's real or virtual premises. But that is plainly not true. In support of their Motion, Defendants raised that in *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) ("*Amazon.com*"), the Court of Appeals rejected a vicarious infringement claim because the direct infringements occurred on "third-party websites[]," not those of the defendants. Defs' R. 12(b)(6) Memo. at 6:7-9 (quoting *Amazon.com*, 508 F.3d at 1173). Defendants also raised that in *Visa* the Court of Appeals rejected a vicarious

1    infringement claim because the defendant credit card companies that processed credit
2    card payments to third-party infringing websites did not have "the right to remove
3    individual infringers from the very place the infringement was happening." <u>Defs' R.</u>
4    <u>12(b)(6) Memo. at 6:9-13</u> (quoting <u>*Visa*</u>, 494 F.3d at 805). In addition, Defendants
5    raised that in <u>*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001)</u>, the
6    Court of Appeals affirmed the issuance of a preliminary injunction where the direct
7    infringements occurred on the vicariously infringing defendant's virtual "premises,"
8    with its vicarious liability "cabined by [its] system's current architecture." <u>Defs' R.</u>
9    <u>12(b)(6) Memo. at 5:28-6:7</u> (quoting <u>*Napster*, 239 F.3d at 1023-24</u>).

10       Those cases are irreconcilable with Plaintiff's attempt to base a claim for
11   vicarious copyright infringement on allegations that Defendants licensed third parties
12   to stream and download *Dancing with a Stranger* on third-party websites, to
13   "broadcast" *Dancing with a Stranger* on third-party "radio" and "television" stations,
14   or to publicly perform it at third-party venues. <u>SAC at 50, ¶¶ 324-26</u>.

15       Further, Plaintiff simply ignores Defendants' citation of *Amazon.com*, which
16   held that licensing a third party's use, even if the licenses include a contractual "right
17   to monitor and terminate"—which Plaintiff nowhere alleges they do—"does not give
18   [the licensor] the right to stop direct infringement by third part[ies]," for the simple
19   reason that the third parties "can continue to reproduce, display, and distribute [their]
20   infringing copies…." <u>Defs' R. 12(b)(6) Memo. at 6:17-28</u> (quoting <u>*Amazon.com*, 508</u>
21   <u>F.3d at 1173–74</u>); *see also* <u>*Routt v. Amazon.com, Inc.*, 584 F. App'x 713, 714–16 (9th</u>
22   <u>Cir. 2014)</u> ("A defendant has control over a third party's infringing conduct when the
23   defendant can directly put an end to that conduct"; terminating agreements with third
24   parties would not "put an immediate end [to their] infringement … occur[ing] on third-
25   party websites").

26       Plaintiff argues that rendering licensors vicariously liable for direct
27   infringements allegedly committed by third parties is necessary here because of the
28   Sony Music Intercompany Agreement. <u>Pltf's R. 12(b)(6) Opp. at 15-16</u>. But that is

10

nonsense.  First, none of the non-Sony Music Defendants are even parties to that Agreement.  Second, Plaintiff cites only two cases and both of them involved alleged third-party infringements on the defendant's own premises.  _Id._ at 16:7-14 (citing _Range Rd. Music, Inc. v. E. Coast Foods, Inc._, 668 F.3d 1148, 1155 (9th Cir. 2012) (defendants vicariously liable for infringing performances in their restaurant and lounge) and _Twentieth Century Music Corp. v. Aiken_, 422 U.S. 151, 152 (1975) (defendant/owner of restaurant did not infringe by playing radio in restaurant)).  Third, Plaintiff's daisy-chain argument that everyone from the author to the music publisher supposedly has control and supervision of ultimate third-party users (Pltf's R. 12(b)(6) Opp. at 16:15-24) is contrary to established Ninth Circuit law, including _Amazon.com_, _Visa_, and _Napster_, discussed in Defendants' Motion and ignored by Plaintiff.

Finally, Plaintiff argues that it satisfies the requirement that the direct infringement occur "on real and virtual premises" because "YouTube, Spotify, a variety of other streaming services, karaoke services, cell phone networks, internet websites, and platforms" are each "premises."  Pltf's R. 12(b)(6) Opp. at 16:27-17:3. But they are not _Defendants'_ physical or virtual premises and, as a result, Defendants do not have the right and ability to supervise and control those uses.  _See, e.g., Amazon.com_, 508 F.3d at 1173–74; _Routt_, 584 F. App'x at 714–16.

Plaintiff urges the Court to err by ignoring binding Ninth Circuit caselaw and instead ruling that licensing a use on another's website or other premises constitutes vicarious copyright infringement.  Challenged by Defendants' Motion that Plaintiff's argument would extend vicarious infringement claims to all licensors of allegedly infringing works, Plaintiff offers no limit to its request that the Court change the law.

### (2)   Licensing an Alleged Third-Party Infringement Is at Most One Element of a Contributory Infringement Claim, Which Plaintiff Has Abandoned as Incurably Defective

In their Motion, Defendants also showed that Plaintiff's licensing argument is at best a defective contributory infringement claim, which the Court dismissed and

1   Plaintiff has abandoned.  *See* Defs' R. 12(b)(6) Memo. at 7-8.  In response, Plaintiff

2   twice completely mischaracterizes *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24

3   F.3d 1088 (9th Cir. 1994) (en banc).

4                    **(i)      *Subafilms* Establishes that "to Authorize" in § 106**

5                              **Refers to Contributory Infringement**

6          17 U.S.C. Section 106 provides that "the owner of copyright under this title has

7   the exclusive rights to do *and to authorize*" the reproduction and other specified uses

8   of the copyrighted work.  Prior to *Subafilms*, a three-judge panel ruled that merely

9   licensing the use of a work without the right to do so is an infringement of the owner's

10  exclusive right "to authorize" uses, thereby triggering a claim under 17 U.S.C. Section

11  501.  *Peter Starr Prod. Co. v. Twin Cont'l Films, Inc.*, 783 F.2d 1440, 1441, 1442-43

12  (9th Cir. 1986) (while exhibition of the plaintiff's movie occurred outside the United

13  States and, therefore, was not infringing under the Copyright Act, "Twin's execution

14  of the contract [signed in the United States] purporting to license Alpha to exhibit the

15  motion picture constitutes 'authorization' under § 106 [and] states a cause of action

16  [for copyright infringement]"), *overruled by Subafilms*, 24 F.3d 1088.  That, of course,

17  is what Plaintiff argues here.  *See, e.g.,* Pltf's R. 12(b)(6) Opp. at 15:28-16:1 ("If

18  another individual or company purports to authorize the use of an infringing work,

19  that is a direct infringement.").

20         However, the Court of Appeals sitting en banc in *Subafilms* expressly overruled

21  *Peter Starr*'s "central premise … that a party could be held liable as an 'infringer' …

22  merely for authorizing a third party to engage in acts that, had they been committed

23  *within* the United States, would have [infringed]." *Subafilms*, 24 F.3d at 1090, 1091.

24  Further, in doing so, *Subafilms* also expressly agreed with another Ninth Circuit panel

25  decision that "the addition of the words 'to authorize' in the Copyright Act was not

26  meant to create a new form of liability for 'authorization' that was divorced

27  completely from the legal consequences of authorized conduct, but was intended to

28  invoke the preexisting doctrine of contributory infringement." *Subafilms*, 24 F.3d at

1092 (citing *Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc.*, 964 F.2d 965, 970 (9th Cir. 1992)); *see also Subafilms*, 24 F.3d at 1093 ("[T]he addition of the words 'to authorize' in the 1976 Act appears best understood as merely clarifying that the Act contemplates liability for contributory infringement"); *see also* Defs' R. 12(b)(6) Memo. at 7:11-19.

### (ii)   Plaintiff Mischaracterizes *Subafilms*, which Confirmed "to Authorize" Refers to Contributory Infringement

*Subafilms* unequivocally ruled that Section 106's words "to authorize" are "simply a convenient peg on which Congress chose to hang" contributory copyright infringement. *Subafilms*, 24 F.3d at 1093 (quoting 3 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 12.04[A][3][a], at 12–84 n. 81 (1991)); *see above* at 12-13. And Plaintiff concedes that a license is an authorization to use. *See, e.g.,* Pltf's R. 12(b)(6) Opp. at 11:6-9 and 17:9-10 (Defendants' "licensing activity purports to authorize others to perform, duplicate, display, etc. Plaintiff's work without permission"), 18:2 ("a licensor purports to authorize a third party to use" a work).

Yet, remarkably, Plaintiff twice represents to this Court that *Subafilms* "hold[s] that the 'to authorize' language in section 106 imposes *direct liability* on those who improperly authorize use of infringing works." *Id.* at 11:9-12 and 17:12-15 (emphasis added). Plaintiff also argues that "the salient point in *Subafilms* [is that] the 1976 Act took the concept of authorization and converted it to *direct infringement* without a knowledge requirement." *Id.* at 17:24-26 (emphasis added). But even a casual reading of *Subafilms* confirms that its ruling *is the exact opposite* of what Plaintiff claims: *Subafilms* states that Section 106's "to authorize" refers to contributory copyright infringement.

As a result, Plaintiff's allegations that Defendants have licensed *Dancing with a Stranger* to third parties are contributory infringement allegations that Defendants have "induced, caused, or materially contributed to the [third parties'] infringing conduct." *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir.

2013).  Thus, in trying to plead a claim for contributory infringement, Plaintiff's last complaint specifically relied on the allegation that Defendants have licensed *Dancing with a Stranger*.  *See, e.g.*, FAC (Doc. 45) at 32, ¶ 233 (if Defendants are found not to be direct infringers, "then they are alleged to be contributorily infringing [because] Defendants license, market, and otherwise allow the song to be placed on streaming and download services, where third parties infringe the copyright").  But Plaintiff, unable to plausibly plead the additional contributory infringement requirement of knowledge of the infringement, dropped the claim.

Plaintiff's attempt to use its licensing allegations to support a vicarious infringement claim fails for all the reasons stated above and, if allowed, would impermissibly "blur th[e] distinction" between contributory and vicarious infringement claims.  *Amazon.com*, 508 F.3d at 1175.

**(c)** **Plaintiff Fails to Suggest How It Could Cure the Fundamental Defects in its Vicarious Infringement Claim**

Plaintiff ends its Opposition in the exact same way it ended its Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint: "If the Court perceives any deficiency with Plaintiff's complaint, it respectfully requests permission to amend to fix any defects."  *Compare* Pltf's R. 12(b)(6) Opp. at 18:9-11 *with* Pltf's Sept. 7, 2022, R. 12(b)(6) Opp. (Doc. 52) at 9:8-10.  But Plaintiff's copy-and-pasting of its prior one-sentence ending falls far short of explaining, or even hinting at, how Plaintiff could further amend its already twice-amended complaint to plausibly allege that Defendants have vicariously infringed Plaintiff's claimed copyright.

Nor could amendment save the claim.  As a matter of law, allegedly licensing third parties to include *Dancing with a Stranger* on the third parties' own streaming services, websites, radio stations, venues, *etc.*, simply is not the right and ability to supervise and control that is required to state a plausible claim for vicarious copyright infringement.  Accordingly, leave to amend would be futile and is properly denied.
///

14

**3.**   **CONCLUSION**

Defendants respectfully submit that their Motion should be granted and Plaintiff's claim for vicarious copyright infringement should be dismissed again, this time without leave to amend.

Dated: May 12, 2023

_____/s/ Peter Anderson_____
Peter Anderson, Esq.
Sean M. Sullivan, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
SAMUEL SMITH, NORMANI KORDEI
HAMILTON, JAMES NAPIER, TOR
HERMANSEN, MIKKEL ERIKSEN,
UMG RECORDINGS, INC., UNIVERSAL
MUSIC GROUP, INC., SONY MUSIC
PUBLISHING (US) LLC, EMI
BLACKWOOD MUSIC INC., EMI APRIL
MUSIC INC., SONY CORPORATION OF
AMERICA, 45TH AND 3RD MUSIC LLC,
TIM & DANNY MUSIC LLC,
DOWNTOWN MUSIC PUBLISHING LLC,
NAUGHTY WORDS LIMITED,
SONY/ATV MUSIC PUBLISHING (UK)
LTD., and EMI MUSIC PUBLISHING LTD.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the Defendants who have appeared in this action, certifies that this Reply Memorandum contains 4,630 words, which complies with the word limit of L.R. 11-6.1.

Dated: May 12, 2023

_____/s/ Peter Anderson_____
Peter Anderson, Esq.
DAVIS WRIGHT TREMAINE LLP