
Steven T. Lowe, Esq.
Lowe & Associates
8383 Wilshire Boulevard, Suite 1038
Beverly Hills, CA 90211
E: steven@lowelaw.com

FRANCIS ALEXANDER LLC
AJ Fluehr, Esquire (Pa. ID 316503)
280 N. Providence Rd, Ste 1
Media, PA 19063
Tel: (215) 341-1063
Fax: (215) 500-1005
*Attorneys for Plaintiff Pro Hac Vice*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sound and Color, LLC<br>  *Plaintiff*<br>                          v.<br>Samuel Smith<br><br>  *Defendants* | Case No. 2:22-cv-01508-WLH-AS<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION FOR ATTORNEY'S FEES; MOTION FOR RECONSIDERATION; APPLICATION TO TAX COSTS**<br><br>Date: November 3, 2023<br>Time: 1:00 pm<br><br>Courtroom of the Honorable<br>Wesley L. Hsu<br>United States District Judge<br><br>*Jury Trial Demanded* |

PLAINTIFF'S RESPONSE IN OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION FOR ATTORNEY'S FEES; MOTION FOR RECONSIDERATION; APPLICATION TO TAX COSTS

TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. LEGAL ARGUMENT ........................................................................................... 2

III. APPLICATION ..................................................................................................... 4

    A. DEFENDANTS' MOTION FRIVOLOUSLY REQUESTS COSTS AND FEES ON CLAIMS AND ISSUES WHERE IT WAS NOT THE PREVAILNG PARTY, NAMELY THE SOUND RECORDING CLAIM AND THE PERSONAL JURISDICTION ISSUE ....................................... 5

    B. THE LAWSUIT WAS OBJECTIVELY REASONABLE AND NOT FRIVOLOUS; THE *FOGERTY* FACTORS STRONGLY MILITATE AGAINST A FEE AWARD ................................................................. 6

        i. THE SELECTION AND ARRANGEMENT CLAIM WAS NOT FRIVOLOUS AND WAS OBJECTIVELY REASONABLE .......... 7

        ii. PLAINTIFF'S MOTIVATION FOR FILING SUIT WAS TO OBTAIN ARTISTIC CREDIT AND JUST COMPENSATION .... 10

        iii. CONSIDERATIONS OF COMPENSATION AND DETERRENCE ................................................................................ 11

    C. THE MOVING DEFENDANTS HAVE NOT DEMONSTRATED THEY HAVE STANDING OR A RIGHT TO THE REQUESTED COSTS AND FEES ..................................................................................................... 12

    D. APPORTIONMENT AND CUTTING REQUESTED COSTS AND FEES ................................................................................................. 13

    E. MOTION FOR RECONSIDERATION ON COSTS AND APPLICATION FOR COSTS ................................................................. 15

IV. CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**

*Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002) .................................... 2, 3, 4

*Citizens for Better Forestry v. U.S. Dep't of Agric.*, 567 F.3d 1128, 1131 (9th Cir. 2009) .............. 5

*Criminal Productions v. Tracy Cordoba*, 18-15919 (9th Cir. June 11, 2020) ................................ 5

*DRK Photo V. McGraw-Hill Global Educ Holdings, LLC*, 870 F. 3d 978 (9th Cir. 2017) ............ 12

*Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) ......................................... 3, 11

*Fantasy, Inc. v. Fogerty,* 94 F.3d 553, 558 (9th Cir. 1996) ....................................................... 3, 4

*Fogerty v. Fantasy, Inc.*, 510 US 517, 534 (1994) ........................................................... 2, 3, 12

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 75 F.3d 1038, 1042-43 (9th Cir. 2014) ....................... 3, 11

*Johnston v. Kroeger*, 1:20-cv-00497, Doc. No. 81, at p.3-4 (W.D. Tex. Sept. 14, 2023) ...................

*Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 615 (9th Cir. 2010) ...................................... 3, 11

*Lieb v. Topstone Indus.*, 788 F.2d 151, 156 (3d. Cir. 1986) .................................................... 2, 3

*Lotus Development Corp. v. Borland International*, 140 F.3d 70, 75 (1st Cir. 1998) .................... 3

*Perfect 10, Inc. v. Visa Int'l Ass'n, Inc.*, 2005 WL 2007932 at *4
(N.D. Cal. Aug. 12, 2005) ............................................................................................................ 3

*Perfect 10, Inc., v. CCBill, LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007) ..................................... 3, 4

*Ryan v. Editions Ltd. West, Inc.*, 786 F. 3d 754, 763 (9th Cir. 2015) ........................................... 13

*Schwarz v. Secretary of Health & Human*, 73 F. 3d 895 (9th Cir. 1995) ................................... 13

*Seltzer v. Green Day*, 725 F.3d 1170, 1180 (9th Cir. 1980) ............................................ 2, 3, 6, 7

*Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) .................................................................. 4

*SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013) ....................... 7, 8

*Williams v. Bridgeport Music Inc.*, 13-cv-6004 (April 12, 2016) ........................................... 3, 11

**STATUTES**

17 U.S.C. § 505 ........................................................................................................................... 12

## I. INTRODUCTION

The fees motion filed by Defendants does not have merit and should be denied, as should the application for costs. The Copyright claims filed by Plaintiff were objectively reasonable, were not frivolous, and were filed in good faith. The factual claims themselves were narrow and did not overreach. They were hard fought, and involved multiple competing experts. Plaintiff also observes that it agreed early in the case to bifurcate the case to limit the issues being decided, as well as the costs of litigation. At all points Plaintiff has diligently pushed this case toward a resolution on the merits, with an eye to efficiency, while protecting its rights. The five *Fogerty* factors clearly favor Plaintiff and militate against any fee award.

There are also some serious defects with Defendants' motion which require denying it. For instance, Plaintiff brought a sound recording infringement claim. After discovery, Plaintiff voluntarily dismissed this claim. As a matter of law, because it was not judicially dismissed, Defendants are not the prevailing party and cannot recover fees. Defendants' motion nevertheless repeatedly and improperly demands that fees be assessed against Plaintiff for the very reason that the sound recording claim was voluntarily dismissed, and also improperly requests fees for litigating the sound recording claim. This is not authorized and is inappropriate. The inclusion of this illegitimate ground undercuts the rationale for Defendants' fee request, and the fee amount.

Defendants' motion does the same for litigation regarding several foreign defendants claiming in motions to dismiss that there was no personal jurisdiction over them. Because there was no judicial ruling on those motions, Defendants did not prevail on those issues and those fees should be stricken. The Individual Defendants also do not have standing to pursue a fee award for these foreign defendants.

A further issue is that only the Individual Defendants are seeking costs and fees in the various motions and applications. But these Individual Defendants have produced no actual evidence that they incurred the fees or that they will ultimately be responsible for them. In other words, they have not established they have standing to seek these fees.

If the court does decide to award fees, although it should not, there are defects with the amount requested by Defendants. The overall amount requested, over $730,000, is out of line with the limited nature of the case, and is much higher than that requested in more intensive and longer cases. This amount also includes significant fees attributable to the sound recording claim that are not properly claimed, but the hourly sheets show that Defendants significantly overbilled for several matters. For this, and other reasons, even if fees were to be awarded they would need to be significantly slashed.

In sum, this motion should be denied. This was a hard fought claim on the law and the facts, and all applicable authority suggests that fees are not warranted in a case like this where the claims were objectively reasonable and pursued in good faith.

## II. LEGAL STANDARD

For a party to prevail, it must (1) obtain a "material alteration of the legal relationship of the parties" that is (2) "judicially sanctioned." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001).

"The Supreme Court has adopted the 'evenhanded' approach to the award of attorney's fees in copyright cases." *Berkla v. Corel Corp.*, 302 F.3d 909, 922 (9th Cir. 2002) (quoting *Fogerty v. Fantasy, Inc.*, 510 US 517, 534 (1994)). "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty*, 510 U.S. at 534; *see also Seltzer v. Green Day*, 725 F.3d 1170, 1180 (9th Cir. 1980) (citing *Fogerty*, 510 U.S. at 533) (noting that "the Supreme Court rejected the so-called British Rule where the loser pays; rather, attorney's fees are left up to the discretion of the district court"). In exercising their discretion, "courts deciding whether to award attorney's fees can look to five non-exclusive factors: (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Seltzer*, 725 F.3d at 1180- 81. These five "*Lieb* factors"

are nonexclusive.[1] *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). "[C]ourts may not rely on the *Lieb* factors if they are not 'faithful to the purposes of the Copyright Act.' Faithfulness to the purposes of the Copyright Act is, therefore, the pivotal criterion." *Id.* at 558. "The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. at 524.

"Granting attorneys' fees is disfavored when a plaintiff pursues an action in good faith in an unsettled area of law and the parties have alike financial resources." *Perfect 10, Inc. v. Visa Int'l Ass'n, Inc.*, 2005 WL 2007932 at *4 (N.D. Cal. Aug. 12, 2005)(citing *Lotus Development Corp. v. Borland International*, 140 F.3d 70, 75 (1st Cir. 1998)). Given the "evenhanded approach" to fees, *Berkla*, 302 F.3d at 922, attorney's fees likewise must be disfavored where a defendant defends a claim in good faith in an unsettled area of law against a party with like resources. *See id*; *Perfect 10, Inc., v. CCBill, LLC*, 488 F.3d 1102, 1120 (9th Cir. 2007) ("the standards for evaluating whether an award is proper are the same regardless of which party prevails"). When the parties do not have even resources the Ninth Circuit considers "whether an award of attorney's fees would have a chilling effect that is too great or would impose an inequitable burden on an impecunious plaintiff." *See Williams v. Bridgeport Music Inc.*, 13-cv-6004 (April 12, 2016) (ECF No. 554) (citing *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003)). In *Seltzer*, the Ninth Circuit vacated the district court's award of fees to the prevailing defendant where the plaintiff was not objectively unreasonable, and it was a "close and difficult case." 725 F.3d at 1181. Frivolousness, bad faith motivation, and objective unreasonableness are important factors. Courts consistently award fees where the losing party's contentions were frivolous or objectively unreasonable[2] and deny fees

---

[1] The *Lieb* (or *Fogerty*) factors are found in *Lieb v. Topstone Indus.*, 788 F.2d 151, 156 (3d. Cir. 1986).

[2] *See, e.g., Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 75 F.3d 1038, 1042-43 (9th Cir. 2014) (awarding fees where the plaintiff's claims were frivolous); *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 615 (9th Cir. 2010)(affirming fee award—claims "bordered on

3

PLAINTIFF'S RESPONSE IN OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION FOR ATTORNEY'S FEES; MOTION FOR RECONSIDERATION; APPLICATION TO TAX COSTS

where the losing party's contentions were not frivolous or objectively unreasonable.[3]

III.   APPLICATION

Plaintiff has several major issues with the fee request. **First**, Defendants partially justify the fee request by attacking the sound recording claim for being voluntarily dismissed. They also request fees for the sound recording claim, and also on the personal jurisdiction issue. The problem is that Defendants are not the prevailing party on those issues as a matter of law and they were improperly included in the motion both as a justification to award fees and in the fee calculation total.

**Second**, the composition copyright infringement claim was objectively reasonable on the merits. "Faithfulness to the purposes of the Copyright Act is … the pivotal criterion." *Fantasy*, 94 F.3d at 558. Plaintiff's lawsuit was faithful to the goals of the Copyright Act. The relevant factors clearly do not warrant an award of fees, especially given that Plaintiff agreed to bifurcate this case in good faith to narrow the issues and has at all points acted reasonably and in good faith to pursue a resolution on the merits.

**Third**, Defendants have conspicuously styled this motion as being on behalf of the "Individual Defendants," vaguely claiming that they have agreed to pay the fees, not any insurance or record company. Yet, Defendants provide no competent evidence to allow Plaintiff or the court to evaluate this contention, meaning that Defendants have not met their burden to establish standing or a right to seeks these fees and costs.

**Fourth**, should fees be imposed by the Court (although they should not), Defendants' fee calculations have serious problems. The hourly billing is not reasonable, and it fails to properly strike or apportion those fees which are not appropriate, such as those relating to the sound recording claim.

---

frivolous and were not objectively reasonable"); *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484 at **9-12 (C.D. Cal. March 24, 2015) (awarding fees—plaintiff had improper motive and claims were objectively unreasonable).

[3] *See, e.g.*, *Perfect 10, Inc.*, 488 F.3d at 1120 (affirming denial of fees where the plaintiff's claims were not objectively unreasonable or frivolous); *Berkla*, 302 F.3d at 924 (same); *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) (affirming fee denial where claims were not frivolous or in bad faith)

4

PLAINTIFF'S RESPONSE IN OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION FOR ATTORNEY'S FEES; MOTION FOR RECONSIDERATION; APPLICATION TO TAX COSTS

In short, the fee request should be denied because fees are not warranted under the applicable factors and defendants have commingled inappropriate fee requests. Even if fees were to be awarded, they should be considerably reduced.

A. DEFENDANTS' MOTION FRIVOLOUSLY REQUESTS COSTS AND FEES ON CLAIMS AND ISSUES WHERE IT WAS NOT THE PREVAILNG PARTY, NAMELY THE SOUND RECORDING CLAIM AND THE PERSONAL JURISDICTION ISSUE

Only a prevailing party is entitled to costs and fees under the Copyright Act. "[A] party must have a judgment or something similar formally delivered in its favor to be considered 'prevailing.'" *Citizens for Better Forestry v. U.S. Dep't of Agric.*, 567 F.3d 1128, 1131 (9th Cir. 2009) (emphasis in original); see also Criminal Productions v. Tracy Cordoba, 18-15919 (9th Cir. June 11, 2020) (unpublished) (stating that costs and fees not assessable where claim was voluntarily dismissed and there was no judicial sanction).

Here, Plaintiff initially lodged a sound recording copyright claim. However, after discovery, Plaintiff voluntarily dismissed the sound recording claim. Doc. No. 97. This was noted by the Court in the Summary Judgment opinion, Doc. No. 146, at p.2-3, and even in Defendants' motion. Doc. No. 152-1, at p.12. Defendants are therefore not the prevailing party on the sound recording claim and are not entitled to fees for that claim. Despite this, the motion extensively refers to the sound recording claim and even requests a fee award precisely because it was voluntarily dismissed. This is inappropriate. Moreover, the fees related to the sound recording claim and related discovery disputes are commingled in the request and cannot be readily separated. This should result in denial.

It should be noted that Plaintiff agreed to bifurcate the case, and one of the primary reasons was because Defendants agreed to produce audios files intended to quickly resolve and dispose of the sound recording issue. Doc. No. 54, at p.4. However, the production had missing files. When Plaintiff tried to address the missing files in October 2022, Plaintiff was inexplicably stonewalled by Defendants for months with changing explanations. *See generally* Doc. No. 79 – Plaintiff's Counsel Declaration. At one point defense counsel represented he would stipulate to extending the expert deadlines if the

issues could not be resolved. *Id.* at 4-5, 6-8. However, Defendants then reneged, *id.* at 6-8, leading Plaintiff to briefly seek to vacate the bifurcation given that the agreed upon discovery was not being provided. This was denied, and a motion to compel/sanction was filed by Plaintiff. Doc. No. 83-1. Judge Sagar eventually granted the motion to compel in part, requiring that Defendants produce much of what was missing and provide verifications for other areas, but denied the motion for sanctions. *See* Doc. No. 95. The claim was voluntarily dismissed after receiving the discovery.

To this day, Plaintiff has no idea why Defendants did not simply produce the requested files to allay its concerns at the beginning of the process.

In addition, several foreign defendants lodged motions to dismiss for lack of personal jurisdiction. Those motions were not finally adjudicated and there was no "judicial sanction" for them that would make those Defendants the prevailing party for purposes of this fee request. Plaintiff submits that they should not be included in the fee request, and also contends that the Individual Defendants bringing this request for fees do not have standing to seek fees for the foreign defendants. Of note, the motion for costs and fees claims that the Individual Defendants have some sort of unspecified preexisting agreement to pay for the legal fees for this action, yet the motions to dismiss for lack of personal jurisdiction by the foreign entities claim no connection to the United States. Which one is it? Was there an undisclosed agreement to pay for the legal fees of the foreign entities?

Essentially, Defendants have included invalid bases to convince this court to award fees, and also commingled these improper fees in the amount requested. This is not permitted and does not carry their burden.

    B.    THE LAWSUIT WAS OBJECTIVELY REASONABLE AND NOT FRIVOLOUS; THE *FOGERTY* FACTORS STRONGLY MILITATE AGAINST A FEE AWARD

That a party lost does not, in itself, show that its claim was objectively unreasonable. *Seltzer*, 725 F.3d at 1181. Rather, "a claim is objectively unreasonable when the party advancing it 'should have known from the outset that its chances of

success in the case were **slim to none**.'" *Giganews, Inc.*, 2015 WL 1746484 at *11 (emphasis added) (quoting *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013)). In *Seltzer*, the Ninth Circuit held that the plaintiff was not objectively unreasonable where it was a close and difficult case, and the defendant's transformative fair use "was far from obvious." *Id.* ("There is simply no reason to believe that *Seltzer* 'should have known from the outset that [his] chance of success in this case was slim to none[.]'") (citing *SOFA Entm't*, 709 F.3d at 1280).

A recent Western District of Texas music copyright case, which denied attorney's fees after dismissal at summary judgment, observed that:

> "There is a difference between a suit that is 'without merit' and one that is 'patently frivolous.'" *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 794 (S.D. Tex. 2009). A claim is wholly insubstantial and frivolous if it is foreclosed by previous decisions of the Supreme Court. *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 349 (5th Cir. 2021).

Johnston v. Kroeger, 1:20-cv-00497, Doc. No. 81, at p.3-4 (W.D. Tex. Sept. 14, 2023). A claim lacks objective reasonableness "when the lack of similarity between the unsuccessful plaintiff's work and the allegedly infringing work are obvious." Id. at p.5 (quotation marks omitted).

### i. THE SELECTION AND ARRANGEMENT CLAIM WAS NOT FRIVOLOUS AND WAS OBJECTIVELY REASONABLE

The claim at issue was not frivolous because it had significant factual and legal undergirding. Here, Plaintiff presented two experts who opined that the Plaintiff's song was original, did not appear in the prior art, and that the selection and arrangement of the hook was extraordinarily musicologically similar to Defendants' work. Their opinions and reports, and deposition testimony, were significantly detailed. *See generally* Doc. No. 98-11 (Exhibit 6-7); Doc. No. 109; Doc. No. 110 (Exhibits 8-9). Defendants argued in response with their own experts that Plaintiff's work lacked originality, was not protectable, appeared in the prior art, and also that it was not substantially similar to Defendants' work.

This Court ultimately ruled in favor of Defendants, which Plaintiff respectfully disagrees with. However, the Court's decision delved into hotly contested disputes of musicology and musicological analysis in coming to its decision—even substantially revising the initial tentative opinion after hearing oral argument from Plaintiff's counsel. Setting aside that Plaintiff disagrees that it was the role of the court to decide complex musicological disputes, and also disagrees with the musicological conclusions the court reached, the fact that the court engaged in this sort of analysis demonstrates that this was not a patently frivolous or objectively unreasonable claim.

Defendants' motion for costs and fees attempts to relitigate the summary judgment motion, casting every factual and legal position Plaintiff took as frivolous. This type of argumentation, besides lacking merit, missed the point of the frivolousness and reasonableness inquiry which looks to whether Plaintiff knew from the start its chances of success were slim to none. *SOFA Entm't*, 709 F.3d at 1280.

Consider, Defendant's own expert Dr. Ferrara admitted at the very end of his initial report—almost hiding it—that the two hooks have similar melodic contours and rhythms, and the same lyrics. Doc. No. 110-1, at p.117 (Ferrara Report, at ¶178) (admitting the contours and rhythms are similar). **These are objectively the most important elements of the song, which Dr. Ferrara himself admits**. *Id.* at p.10 (Ferrara Report, at ¶7). Basically, he is conceding the songs have real similarities. This alone defeats a claim of objective unreasonableness. *See Johnston*, *supra* at p.5 (stating that where lack of similarity is "obvious" a claim is objectively unreasonable).

Defendants, however, did not otherwise attempt to analyze the objective musicological *similarities* of the two hooks. Instead, Defendants and their experts focused only on *differences* between the songs regardless of how musicologically insignificant each difference was—losing the forest for the trees, so to speak—attempting to push a narrative that any difference defeated the claim, obfuscating the fact that the selection and arrangements of the musical phrases at issue are musicologically similar.

In contrast, Plaintiff's experts focused on their musicological analysis on first identifying similarities between the songs and assessing their significance, and then the differences. Plaintiff, it should be noted, did not state that differences in the selection and arrangement were not to be considered, only that the point of the process is to focus on the similarities.[4] Indeed, Stewart and Bricklin—and the summary judgment opposition brief—considered the differences pointed out by Defendants and concluded that these differences were very minor, and that the defense experts were inappropriately magnifying insignificant differences in the selection and arrangement regardless of whether they were musicologically significant. Doc. No. 106, at p.18.

Defendants have also been using a double standard in their summary judgment papers and this motion. One particularly pernicious argument Defendants made in their summary judgment papers was that it was inappropriate for Dr. Stewart to "subjectively" comment on the significance or insignificance of differences and similarities between the songs. *See, e.g.*, Doc. No. 123, at p.2-6. But expert ***opinion*** on the objective evidence, including whether or not a similarity or difference is musicologically significant, is the purpose of expert testimony. *Id.* Dr. Ferrara extensively and repeatedly passed judgment on whether similarities or differences were significant or insignificant. *See* Doc. No. 146, at p.8-10 (quoting Dr. Ferrara's conclusions).

The Court ultimately sided with Dr. Ferrara. Plaintiff strongly disagrees that it should have done so, either factually based on the evidence or legally based on the role of court at summary judgment. But where a claim rises or falls on competing experts' opinions about the significance or insignificance of musicological elements, and how

---

[4] It should be noted that when Plaintiff stated in its opposition that dissimilarities are generally to be disregarded in the substantial similarity comparison, Doc. No. 106, at p.6, it was part of the general statement of law. *See also* Doc. No. 146, at fn10. It was included because Defendants were trying to claim differences between parts of the songs that were not at issue were relevant, like the verse. *See, e.g.*, Doc. No. 106-2, at p.159. Plaintiff's experts analyzed differences within the selection and arrangement at issue, but disagreed with the defense experts about their significance.

they interact with each other, it is off-base to assert that the claim was frivolous or objectively unreasonable to the point where success was always obviously slim to none.[5]

These two factors decisively favor Plaintiff and cut against assessing fees.

### ii. PLAINTIFF'S MOTIVATION FOR FILING SUIT WAS TO OBTAIN ARTISTIC CREDIT AND JUST COMPENSATION

Plaintiff's sole motivation was to vindicate its legal rights, and it and its counsel have spent enormous time litigating this suit to that end. Defendants have presented no evidence to the contrary, despite baselessly claiming Plaintiff sought to coerce a massive settlement. Plaintiff specifically objects to the use of the word "coerce," which is loaded and improperly suggests that counsel behaved inappropriately. This is not called for.

Plaintiff must note that this paragraph used by Defendants is essentially boilerplate form language defense counsel used in at least one another case (in a motion which was denied). *Compare* 2:15-cv-03462, Doc. No. 293-1, at p.25 with Doc. No. 152-1. Rotely claiming that plaintiffs are coercing some of the biggest corporations and artists in the world does not ring true.

Defendants' accusations that Plaintiff sought intrusive discovery are also directly contradicted by the record. They ignore that Plaintiff readily agreed to bifurcate the case to try the case on its merits, Doc. Nos. 54-55, and that this drastically limited "intrusive discovery" and costly litigation.

Although there was motion practice regarding the sufficiency of Defendants' production, the motions and the court orders in question make it clear that Plaintiff was

---

[5] Defendants also attack Plaintiff's experts for using common musicological analysis techniques to illustrate that claimed differences were in fact similar. These techniques are musicologically common and even endorsed in the scholarly literature. *See, e.g.*, Doc. No. 106-3 (citing Megan Lavengood and Bryn Hughes, "Four Chord Schemas," Open Music Theory, at p.10 ("All of these four-chord schemas **sound similar to one another**, since they all use I, IV, V, and vi. All the schemas can be rotated, **so it's not simply a matter of seeing where the progression begins and ends**!" [emphases added]); Doc. No. 106-2, at p.85 (Professor Geluso admitting that matching tempo does not change composition, and Professor Bricklin stating that tempo matching is common musicological analytical tool).

10

PLAINTIFF'S RESPONSE IN OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION FOR ATTORNEY'S FEES; MOTION FOR RECONSIDERATION; APPLICATION TO TAX COSTS

seeking discoverable information and audio files to get to a resolution on the merits. See generally Doc. No. 79 – Plaintiff's Counsel Declaration; Doc. No. 83-1; Doc. No. 95.

### iii. CONSIDERATIONS OF COMPENSATION AND DETERRENCE

Defendants have conspicuously styled this motion as being on behalf of the "Individual Defendants," with their counsel vaguely claiming that they have paid the fees, not any insurer or major record company. Doc. No. 152-1, at p.14. Thus, they tell the court the fee award will compensate them.

No doubt Defendants and their counsel realize that Plaintiff is a small company, with owners who are working class songwriters, and that a major record company and insurer asking for over $700,000 in fees is inequitable. *See Williams v. Bridgeport Music*, 13-cv-6004 (April 12, 2016) (ECF No. 554) (citing *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003)). It should be noted that the individual defendants are some of the biggest names in the music industry, and Plaintiff is not on equal footing.

Defendants, however, provide virtually no evidence in support of their contention that they have actually paid for these fees or that they are responsible for them, except a brief statement by counsel and redacted invoices from which nothing of relevance can be determined. *See* Doc. No. 152-2, at p.9. (Providing a redacted invoice impairs Plaintiff's ability to evaluate and rebut this argument, and makes no sense given that a protective order was stipulated to by the parties in October 2022, *see* Doc. No. 70-71.). It is unclear whether the invoices Defendant has identified are even actually paid.

This meagre showing does not meet its burden to show compensation is warranted to the moving defendants. Plaintiff submits, given the lack of evidence, that the compensation factor cuts against fees. It also cuts against fees because given the identities and wealth of the Defendants.

Regarding deterrence, Plaintiff's claim was objectively reasonable, not frivolous, and did not have an improper motive. *See*, *e.g.*, *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 75 F.3d 1038, 1042-43 (9th Cir. 2014) (awarding fees where the plaintiff's claims were frivolous); *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 615 (9th Cir. 2010) (affirming

fee award—claims "bordered on frivolous and were not objectively reasonable"); *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484 at **9-12 (C.D. Cal. March 24, 2015) (awarding fees—plaintiff had improper motive and claims were objectively unreasonable).

Defendants also insinuate that Plaintiff was seeking a monopoly over common musical elements to cheat the public domain. This is simply not true. Plaintiff made a very specific selection and arrangement claim—and no other claim—that by definition only applies to only the two songs at issue. There is no possible way this could be construed as claiming a monopoly over public domain elements. Plainly, Defendants want to stamp out *any* selection and arrangement claim, which is not valid.

Deterrence of frivolous claims makes sense; deterrence of narrow claims supported by multiple qualified musical experts, such as the one here, do not.

### C. THE MOVING DEFENDANTS HAVE NOT DEMONSTRATED THEY HAVE STANDING OR A RIGHT TO THE REQUESTED COSTS AND FEES

Only the Individual Defendants are bringing this motion for fees and the application to tax costs. Plaintiff contends that they have not established standing to seek these fees and costs. He incorporates the section immediately *supra* here.

In copyright law, the proponent had the burden of establishing that they have standing to seek the claimed relief. *DRK Photo V. McGraw-Hill Global Educ Holdings*, LLC, 870 F. 3d 978 (9th Cir. 2017). The same principle applies to a party seeking attorney's fees and costs, who should be the real party in interest and actually be responsible for the attorney's fees and costs in question. Section 505 states "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The fact that the statute permits a "reasonable" fee, as part of actual costs, suggests that the party incurring the fee must be the one to seek it. This further supported by *Fogerty*, 510 U.S. at fn19, which states that courts should consider compensation.

Defendants have provided no actual evidence any of them has paid or will be ultimately responsible for any of the fees or costs. All that has been provided is a

redacted invoice. Normally, in a case such as this, the record company which maintains the insurance brings the motion, *see, e.g.,* 2:15-cv-03462, Doc. No. 293, insurance may cover the cost of the defense (one of the purposes of insurance), and there are usually robust indemnification clauses. The Court should not order a fee paid to Defendants who do not owe the fee and will get a windfall.

This is not a situation where a party was represented pro bono, or on a contingent basis, and fees are nevertheless usually awarded if substantively warranted. Here, someone is paying the legal bills or is ultimately responsible for the legal bills, but nothing has been provided showing that is actually the moving defendants. Defendants did not provide it and are past the deadline. This is a basis to deny the motion.

Should the Court not deny the motion outright, then discovery should take place. It appears that Davis Wright Tremaine was retained by an insurance company, or one of the entity defendants, given that DWT represents every Defendant in this case (who has entered an appearance). Insurance is also almost always involved in major copyright disputes, and often contains provisions governing how defense costs and fees are paid.

Basic items needed to evaluate this claim would be the any applicable insurance policies and related legal contracts, and actual payments made to DWT to ascertain the amount, date, and origin. If the Defendants agreed to pay fees, that agreement(s) needs to be produced. Even more critical, there would almost certainly be some sort of pertinent indemnification clause relevant to whether the Individual Defendants are ultimately bearing the costs and fees; the related agreements should be provided. If the Individual Defendants are paying, but then are being paid back later, that would undermine Defendants' claim for compensation and be a material omission.

D. APPORTIONMENT AND CUTTING REQUESTED COSTS AND FEES

The Court has discretion to cut the costs and fees or apportion them—provided the Court decides costs and fees should be imposed. *Ryan v. Editions Ltd. West, Inc.*, 786 F. 3d 754, 763 (9th Cir. 2015) (stating that Court may reduce fees for excessive and unreasonable hours); *Schwarz v. Secretary of Health & Human*, 73 F. 3d 895 (9th Cir.

1995) (stating court authorized to make "across-the-board percentage cuts" of final lodestar figure). Defendants' fee calculations have serious problems.

**First**, the fee is not reasonable compared to other cases. This case was bifurcated and limited to a narrow issue. Doc. No. 54-55. By way of example, on another 2.5 year case undersigned counsel litigated against Mr. Anderson, there were many depositions in and out of the United States, and much motion practice; the case went to trial on all elements of a copyright claim, plus affirmative defenses. The fee request (denied by the court and denied on appeal) was $613,471. *See* 2:15-cv-03462, Doc. No. 293-1, at p.25. Yet, the motion in this narrow case—which was much shorter, had five expert depositions and no fact depositions, had limited issues at play due to being bifurcated, and which did not have a trial—asks for at least $732,202.

**Second**, Defendants include requests for fees on claims and issues where Defendants were not the prevailing parties or do not have standing to seek fees, including the sound recording and personal jurisdiction issues. The fees incurred on these issues are commingled with the overall fee request and cannot be entirely separated out based on the documentation provided. At a minimum, looking at Doc. No. 152-5, it appears that at least $100,000, and likely more, was improperly requested based on the motion to dismiss category and the sound recording discovery dispute category. Defendants have failed to identify the appropriate fees with specificity.

**Third**, defense counsel's hours spent on the case, especially those of attorney Eric Lamm, are inflated and out of line with the needs of the case. As Plaintiff's opposition and objections to summary judgment pointed, Defendants filed extraordinarily lengthy and unnecessary papers. See generally Doc. No. 124. For instance, Defendants submitted 85 evidentiary objections which were in reality musicological briefing, not actual objections. Id. They submitted an extraordinarily long statement of facts, far beyond the needs of the case. Id. They also, not authorized by the rules in place at that time, filed reply documents hundreds of pages long. Id. All of this greatly inflated the hourly billing Defendants' counsel assessed for summary judgment, to the point where Defendants ask

14

PLAINTIFF'S RESPONSE IN OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION FOR ATTORNEY'S FEES; MOTION FOR RECONSIDERATION; APPLICATION TO TAX COSTS

this court for $281,002.10 for litigating the motion for summary judgment. They claim counsel spent 474.8 hours on the motion (368.4 hours for Mr. Lamm). To put that in context, Defendants are claiming that Mr. Lamm spent over six 60-hour work weeks exclusively just on that one motion. Assuming that is accurate, it is not a reasonable number. Note that responding counsel is expected to draft response filings to a motion for summary judgment in a matter of days or weeks, while addressing other cases.

Likewise, the instant 15-page costs and fees motion has been overbilled. It is not a particularly complex motion. Defense counsel has filed and briefed this type of motion before. As noted *supra*, this motion copies and pastes language from other (denied) costs and fees motions filed by defense counsel, even wholesale copying entire sections. *See generally* 2:15-cv-03462, Doc. No. 293-1. Plaintiff's counsel certainly does not begrudge any attorney reusing relevant work product (glass houses, stones, etc.), but this motion was not drafted from scratch. Yet, Defendants claim that their fees for drafting this motion eclipse an incredible $40,000 and 74.3 total hours. This is an indication that the billing is excessive.

Defendants also include fees related to preparing and reviewing the work of experts Geluso (sound recording) and Dr. Sadoff. Although, the court declined to strike his testimony at summary judgment, Dr. Sadoff added nothing of substance to Defendants' case that was not addressed by Dr. Ferrara or could not have been addressed by Dr. Ferrara. Any fees related to Geluso or Sadoff should also be removed.

E. RECONSIDERATION ON COSTS AND APPLICATION FOR COSTS

Plaintiff opposes the motion for reconsideration simply because it is moot. Defendants have not established that they have standing or an entitlement to recover the costs in question. Therefore, the motion for reconsideration, and the Application, should be denied.

IV. CONCLUSION

Plaintiff asks that this motion be denied as the lawsuit was objectively reasonable, hard fought, and was filed with the best of motivations. The purpose of the Copyright Act

1 would not be served in imposing costs and fees.

3  Dated: October 10, 2023                    FRANCIS ALEXANDER, LLC

                                              */s/ AJ Fluehr*
                                              Alfred Joseph (AJ) Fluehr, Esquire
                                              Attorney for Plaintiff

# PROOF OF SERVICE

I, Alfred Fluehr, declare:

I am employed in the County of Delaware, Commonwealth of Pennsylvania. I am over the age of 18, and am not a party to the within action. My business address is 280 N. Providence Road, Suite 1, Media, PA 19063.

On October 10, 2023, I caused the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION FOR ATTORNEY'S FEES; MOTION FOR RECONSIDERATION; APPLICATION TO TAX COSTS** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to all parties in its system:

Peter J. Anderson, Esquire
Eric Lamm, Esquire
865 S Figueroa Street | Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6800
Direct : (310) 260-6030
Fax: (213) 633-6899
Email: peteranderson@dwt.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 10, 2023, at Media, PA.

Alfred J. Fluehr                               /s/ *AJ Fluehr*
Type or print name                        Signature

17

PLAINTIFF'S RESPONSE IN OPPOSITION TO THE INDIVIDUAL DEFENDANTS' MOTION FOR ATTORNEY'S FEES; MOTION FOR RECONSIDERATION; APPLICATION TO TAX COSTS