1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SOUND AND COLOR, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL SMITH, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-01508-WLH-AS<br><br>**ORDER RE DEFENDANTS' ATTORNEYS' FEES MOTION [152] AND COSTS MOTION [153]** |

Defendants Samuel Smith, Normani Kordei Hamilton, James Napier, Tor Hermansen, and Mikkel Eriksen (collectively, "Defendants"[1]) filed a Motion for

---

[1] Defendants UMG Recordings, Inc., Universal Music Group., Inc., Sony Music Publishing (US) LLC, EMI Blackwood Music Inc., EMI April Music Inc., Sony Corporation of America, 45th and 3rd Music LLC, Tim & Danny Music LLC, Downtown Music Publishing LLC, Naughty Words Limited, Sony/ATV Music Publishing (UK) Ltd., and EMI Music Publishing Ltd. do *not* join in the Fees Motion or Costs Motion. (*See* Fees Mot., Docket No. 152 & 152-1 at 1 ("The individual songwriters who created *Dancing with a Stranger*—Sam Smith, James Napier, Mikkel Eriksen, and Tor Hermansen—have borne the attorney's fees and costs for successfully defending this action.")).  The Court's use of "Defendants" in this order refers only to the individuals seeking to recoup fees, not the corporate defendants.

Attorneys' Fees ("Fees Motion," Docket No. 152) and a Motion for Reconsideration of Denial of Costs. ("Costs Motion," Docket No. 153). The Court took both motions under submission pursuant to Federal Rule of Civil Procedure 78. (Order, Docket No. 164). Pursuant to the reasons set forth below, the Court **DENIES** the Fees Motion and **GRANTS** the Costs Motion.

## I. BACKGROUND

The facts of this case are described at length in the Court's summary judgment order, (Order Docket No. 146). The Court draws from that Order's background section but includes only those facts relevant to the present Motions.

### A. Procedural History

Plaintiff Sound and Color, LLC filed a complaint against Defendants and associated corporate entities, (*supra* note 1), alleging that they infringed Plaintiff's sound recording and musical composition copyrights. (Compl., Docket No. 1). Plaintiff included claims for vicarious and contributory infringement as well. (*Id.*). Plaintiff later voluntarily dismissed the sound recording infringement claims, leaving only the musical composition infringement claims. (Notice of Dismissal, Docket No. 97).

Defendants and the associated entities moved to dismiss the Complaint, and Plaintiff filed a First Amended Complaint. ("FAC," Docket No. 45). Some defendants moved to dismiss the FAC. (Mots. to Dismiss, Docket Nos. 50, 51, 74). While those motions were pending, all defendants moved for summary judgment. (Mot. for Summ. J. ("Mot."), Docket No. 98). They moved only on the issue of substantial similarity, pursuant to the Court's bifurcation order, (Docket No. 55), which required an initial phase of expert discovery into whether Plaintiff satisfied the extrinsic test. Under the bifurcation order, the parties completed expert discovery,

exchanged initial and rebuttal expert reports, and deposed each other's experts prior to the filing of the summary judgment motion. (Mot., Docket No. 98-1 at 3).

After the Defendants and corporate entities moved for summary judgment, the Court granted the motions to dismiss it had taken under submission. (Order, Docket No. 102). Plaintiffs filed a Second Amended Complaint, which removed Plaintiff's contributory infringement claim and added new allegations related to personal jurisdiction, venue, and the vicarious infringement claim. ("SAC," Docket No. 114). Some defendants moved to dismiss the SAC. (Dockets No. 120 and 122). Before the Court decided those motions to dismiss, however, it granted the motion for summary judgment that all defendants joined.[2] The Court also issued a judgment that denied costs. (J., Docket No. 147). The Fees Motion (Docket No. 152) and Costs Motion (Docket No. 153) followed.

### B. Factual Background

Jordan Vincent created a song, *Dancing with Strangers*. (SAC, Docket No. 114 ¶ 1). The rights in the song were transferred to Plaintiff Sound and Color LLC. (Reply, Docket No. 160 at 10 n.4). Defendants Samuel Smith, Normani, and others later released a song called *Dancing with a Stranger*. (SAC, Docket No. 114 ¶ 1). The Court refers to Plaintiff's song as "JV" and Defendants' song as "SS." Plaintiff sued Defendants, alleging that SS copied the selection and arrangement of JV's lyrics "dancing with a stranger," and accompanying melody and musical composition. (*Id.* ¶ 2).

The record in this case is lengthy and made more complex by the presence of numerous defendants. (Anderson Decl., Docket No. 152-2 ¶ 39). The parties litigated

---

[2] The Court held—without opposition from the parties—that the Second Amended Complaint did not moot the motion for summary judgment targeting the First Amended Complaint because the summary judgment motion was directed at a discrete issue and the "allegations related to [that issue] in the FAC and SAC are identical." (Summ. J. Order, Docket No. 146 at 2 n.1 (citing *McQuiston v. City of L.A.*, 564 Fed. App'x 303, 305–06 (9th Cir. 2014)).

3

six motions to dismiss, (*id.* ¶ 21), conducted an initial phase of discovery involving five experts, (*id.* ¶ 31), engaged in a discovery dispute involving a motion to compel and for sanctions, (*id.* ¶¶ 25−30), filed voluminous summary judgment papers, (*id.* ¶¶ 34−35), and prepared the present Motions and opposition briefs, respectively. (*See* Anderson Decl., Docket No. 152-2 ¶¶ 38−39). Defendants now seek $732,202.10 and relief from the Court's denial of costs. (Fees Mot., Docket No. 152-1 at 15; Costs Mot., Docket No. 153 at 1).

## II. DISCUSSION

The Court **DENIES** Defendants' Fees Motion and **GRANTS** Defendants' Costs Motion, as set forth below.

### A. Fees Motion

The Court declines to use its discretion to award Defendants attorneys' fees. The Copyright Act permits an award of a "reasonable attorney's fee to the prevailing party…" 17 U.S.C. § 505. "Prevailing plaintiffs and prevailing defendants are to be treated alike" and can both recover fees, but "only as a matter of the court's discretion." *Fogerty v. Fantasy Inc.*, 510 U.S. 517, 534 (1994). "The touchstone of the decision to award attorneys' fees is whether the successful defense, and the circumstances surrounding it, further the Copyright Act's 'essential goals.'"[3] *Tresona Multimedia, LLC v. Burbank High Sch. Vocal Music Assoc.*, 953 F.3d 638, 653 (9th Cir. 2020) (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 209 (2016)); *see also Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996) (citing *Fogerty*,

---

[3] The "'primary objective of copyright,'" the Supreme Court has explained, is "not to reward the labor of authors, but [t]o promote the Progress of Science and useful Arts. To this end, copyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work." *Fogerty*, 510 U.S. at 427 (quoting *Feist Pub'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349−50 (1991)); *see also Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 203 (2016) (giving the "additional guidance" that affording substantial weight to the objective reasonableness of the losing party's position when deciding whether to award fees "promote[s] the Copyright Act's purposes.").

510 U.S. 517, 527 (1994) ("Faithfulness to the purposes of the Copyright Act is…the pivotal criterion.").

The Supreme Court has endorsed "several nonexclusive factors that courts should consider in making awards of attorney's fees" pursuant to § 505. *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 665 (9th Cir. 2018) (cleaned up). These factors—sometimes referred to as the *Fogerty* factors—include "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence'…so long as such factors are faithful to the purposes of the Copyright Act…" *Fogerty v. Fantasy, Inc.*, 510 U.S. at 534 n.19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)). Courts should "give 'substantial weight' to the reasonableness of a losing party's litigating positions while also considering other relevant circumstances." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 209−10 (2016) (citing *Matthew Bender & Co. v. West Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001)). For example, "a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses." *Id.* at 209 (citing *Viva Video, Inc. v. Cabrera*, 9 Fed. App'x 77, 80 (2d Cir. 2001) (awarding fees where a party had a reasonable litigating position but had forged a signature on an affidavit)). Or a court may order fee-shifting to "deter repeated instances of copyright infringement or overaggressive assertions of copyright claims…," *id.* (citing *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 593−95 (6th Cir. 2008) (awarding fees against a copyright holder who filed hundreds of suits on an overbroad legal theory, filed voluminous complaints with hundreds of claims, and engaged in discovery abuses, *inter alia*); *see also Johnson v. Storix*, No. 3:14-cv-1873, 2016 WL 4399317, at *6 (S.D. Cal. Aug. 17 2016) (district court did not abuse discretion in awarding fees, despite losing party's objectively reasonable position, because the losing party threatened the winning company's board of directors and refused to return copyright materials back to the winning party

following a verdict against him, among other things), *rev'd on other grounds* 716 Fed App'x 628 (9th Cir. 2017), *cert. denied* 139 S. Ct 76 (2018). As set forth below, the factors weigh against an award of fees here.

                *i.*      *Frivolousness and Objective Unreasonableness*

Plaintiff's claims were neither frivolous nor objectively unreasonable. A claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff ultimately lost on both its sound recording and musical composition theories, but neither of those theories "lack[ed] an arguable basis either in law or in fact." *Nietzke*, 490 U.S. at 325 (characterizing a frivolous claim as encompassing "inarguable legal conclusion[s]" and "fanciful factual allegation[s]"). It was at least arguable that SS infringed JV, given that the law on substantial similarity is contentious, and SS and JV shared *some* similarities. (*See, e.g.*, Summ. J. Order, Docket No. 146 at 12 (noting undisputed similarities)); *see also Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, No. C 04-00371 JW, 2005 WL 2007932, at *4 (N.D. Cal. Aug. 12, 2005) (describing frivolous claims as, e.g., "fantastic or delusional").

Plaintiff's claims also were not "objectively unreasonable," even though Plaintiff ultimately lost at summary judgment. *See Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013) (reasoning that "the mere fact that [Plaintiff] lost cannot establish his objective unreasonability") (quotations omitted). Defendants argue that Plaintiff's musical composition infringement claims were objectively unreasonable because its selection and arrangement arguments had "no basis in fact and were directly contrary to Ninth Circuit law," (Fees Mot., Docket No. 152-1 at 5), including Ninth Circuit law that a selection and arrangement claim is only available where the two works "share, in substantial amounts, the 'particular,' *i.e.*, the 'same,' combination of protectable elements." *Skidmore v. Zeppelin*, 952 F.3d 1051, 1075 (9th Cir. 2020) (*en banc*) (quoting *Feist*, 499 U.S. at 349, 350−51). While this Court agreed with Defendants that an application of *Skidmore* compelled judgment against

1  Plaintiff, (Summ J. Order, Docket No. 146 at 31), this was a "close and difficult case,"
2  *Seltzer*, 725 F.3d at 1181, in a contentious area of copyright law.  4 Nimmer on
3  Copyright § 13.03(A) ("The determination of the extent of similarity that will
4  constitute a *substantial*, and hence infringing, similarity presents one of the most
5  difficult questions in copyright law…").
6  　　　To be sure, Plaintiff should have known from *Skidmore* that its chances of
7  success dwindled once it conceded that individual elements of the JV hook were not
8  individually protectable and was forced to rely solely on a selection and arrangement
9  claim.  That is so because, even assuming a broad copyright as the Court did here,
10 (Summ. J. Order, Docket No. 146 at 21 n.17), prevailing on a selection and
11 arrangement copyright requires the works at issue to share "in substantial amounts, the
12 'particular,' *i.e.*, the 'same,' combination of unprotectable elements." *Skidmore*, 952
13 F.3d at 1075 (quoting Feist, 499 U.S. at 349), and Plaintiff conceded that there were
14 various differences between the relevant portions of the two works.  (*See* Summ. J.
15 Order, Docket No. 146 at 25−30 (noting differences in key, pitch sequences, melodic
16 contour, and metric placement, among other things)).  The Court reached its
17 conclusion with the benefit of expert testimony and a robust factual record, though;
18 Plaintiff should not have necessarily known "from the outset" that its chances of
19 success were "slim to none." *SOFA Ent'mt*, 709 F.3d at 1280.
20 　　　Defendants liken *Skidmore* to the on-point precedent in *SOFA Entertainment*
21 that, according to the Ninth Circuit, made the *SOFA Entertainment* plaintiff's
22 argument objectively unreasonable there. (*See* Fees Mot., Docket No. 152-1 at 7).
23 The *SOFA Entertainment* precedent was more easily applicable to the *SOFA*
24 *Entertainment* facts, which were factually similar to the facts in the precedent case.
25 *Compare SOFA Ent'mt*, 709 F.3d at 1276−77 (holding that a TV show clip used as a
26 historical reference point in a musical was fair use), *with Elvis Presley Enters., Inc. v.*
27 *Passport Video*, 349 F.3d 622, 628−29 (9th Cir. 2003) (holding that use of television
28 clips when "cited as historical reference points" was fair use).  The application of

*Skidmore* to the facts in the present case was much less obvious than the application of precedent in *SOFA Entertainment*, however, making Plaintiff's continued pursuit of its claims here more reasonable than the plaintiff's pursuit in *SOFA Entertainment*. Indeed, the *Skidmore* case expressly left open the possibility of a musical composition claim in that very case. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1075 (9th Cir. 2020) (en banc); *see also Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 620 (9th Cir. 2018) (affirming the denial of attorney fees where a claim was not objectively unreasonable because "prior Ninth Circuit precedent had not directly addressed several arguments" that the losing party in the case at bar had raised). Because Plaintiff's claims were neither frivolous nor objectively unreasonable, this prong weighs against a fee award, but does not preclude one. *See Kirtsaeng*, 579 U.S. at 209−10 (explaining that objective reasonableness of a losing party's position is given "substantial" but not "dispositive" weight).

      *ii.*  Other Factors

  Of the remaining *Fogerty* factors—degree of success obtained, motivation, compensation, and deterrence—some weigh in favor of a fee award and some against. The degree of success factor cuts in favor of an award. Defendants obtained summary judgment in their favor concerning the musical composition claims, (Summ. J. Order, Docket No. 146), as well as a dismissal with prejudice concerning the sound recording claims after Plaintiff's expert admitted that SS did not sample JV. (Lamm Decl. Docket No. 98-15 at Exh. 9). These represent substantive wins[4] of all claims in the action rather than "technical" ones, weighing in favor of a fee award. *See, e.g.*, *Fogerty*, 94 F.3d at 556 ("prevail[ing] on the merits rather than on a technical

---

[4] The Court rejects Plaintiff's argument that Defendants were not "prevailing parties" for purposes of the sound recording claims. (Opp'n, docket No. 158 at 1). Because the sound recording claims were dismissed with prejudice, Defendants were indeed prevailing parties on those claims. *See Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1149 (9th Cir. 2018) (affirming a fee award where dismissal with prejudice precluded refiling and therefore constituted court-ordered relief); (*see* Order re Dismissal, Docket No. 97 at 1 (dismissing sound recording claim with prejudice)).

defense" cuts in favor of awarding fees); *see also Tresona*, 953 F.3d at 653 (prevailing across the board on the merits "weighs in favor of an award of attorneys' fees").

The losing-party's-motivation factor, on the other hand, weighs against a fee award. Defendants claim that Plaintiff's motivation was to bring this "defective copyright infringement claim" as a "gamble[]" in "hopes for a massive payout," (Fees Mot., Docket No. 152-1 at 9), but presented no evidence of such a motivation. Absent such evidence, this factor weighs against awarding fees. *See Skidmore v. Led Zeppelin*, No. CV 15-03462 RGK (AGRx), 2016 WL 6674985, at *3 (C.D. Cal. Aug. 8, 2016) (finding that the motivation factor "militate[d] against granting fees" where defendant produced no evidence that plaintiff "harbored nefarious motives"), *aff'd* 952 F.3d 1051 (9th Cir. 2020) (en banc).

The need to compensate Defendants weighs in favor of awarding fees. Despite Plaintiff's objections that Defendants failed to proffer evidence in support of their assertion that Defendants footed the bill for the litigation (as opposed to an insurance company,[5] say), Defendants put forth sworn declaration testimony from their counsel that they personally incurred all attorneys' fees and costs in this matter, not only on behalf of themselves but also the fees borne by the corporate entities Plaintiff also sued[6] (Reply re Fees Mot., Docket No. 160 at 2 (citing Anderson Decl., Docket No. 152-2 ¶ 12)). Plaintiff also objects that Defendants are "some of the biggest names in the music industry," and Plaintiff is "a small company, with owners who are working class songwriters." (Opp'n, Docket No. 158 at 11). While the Ninth Circuit has held

---

[5] Plaintiff suggests that, despite Defendants' counsel's sworn testimony that Defendants personally incurred the fees for themselves and the related corporate entities defending this suit, there is some possibility that an insurance company may "ultimately" become "responsible" for the fees such that a fee award to Defendants would result in a "windfall." (Opp'n, Docket No. 158 at 12−13). This is mere speculation; Defendants present no evidence that insurance will pay Defendants' bills in the future.

[6] Having found that Defendants incurred the attorneys' fees in this litigation for all the defendants, including the corporate entities, the Court rejects the argument that Defendants lack standing to request fees. (*See* Pl. Opp'n, Docket No. 158 at 12).

9

1   that courts may appropriately consider "whether the chilling effect of attorney's fees
2   may be too great or impose an inequitable burden on an impecunious plaintiff," *Ets-*
3   *Hotkin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003), Plaintiff has put forth
4   no evidence of its assertion that it is impecunious. Absent such evidence, the
5   compensation factor otherwise weighs in favor of awarding fees.
6        The final factor—the need to deter "overaggressive assertions of copyright
7   claims," *Kirtsaeng*, 579 U.S. at 209—does not weigh in favor of a fee award here.
8   Defendants argue that copyright holders' overbroad assertions of rights need to be
9   deterred because such assertions are at odds with a "vigorous public domain."
10  *Skidmore*, 952 F.3d at 1075−76. "This generic reasoning"—which could apply to a
11  broad swath of copyright defendants—might be in tension with the Supreme Court's
12  repeated admonition that 'a district court may not award[] attorney's fees as a matter
13  of course' to a prevailing party," *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661,
14  668−69 (9th Cir. 2018) (quoting *Kirtsaeng*, 579 U.S. at 202), so the Court declines to
15  adopt it. Defendants have failed to point to "particularized" overaggressive tactics
16  that need to be deterred. *Kirtsaeng*, 579 U.S. at 202.
17       Yes, Plaintiff's counsel aggressively litigated the case by, among other things,
18  "submitting massive statements of disputed facts which included legal conclusions
19  and immaterial and argumentative assertions[,]" *Bridgeport Music, Inc. v. WB Music*
20  *Corp.*, 520 F.3d 588, 593−94 (6th Cir. 2008), *cited with approval by Kirtsaeng*, 579
21  U.S. at 209; (*see, e.g.* Pl. Resp. to Stmt. of Facts, Docket No. 106-2 (including
22  argumentative and irrelevant "further response[s]" to Defendants' facts in support of
23  summary judgment)). Plaintiff's conduct in this litigation does not rise to the level
24  that calls for deterrence, however, at least not as other courts have reasoned when
25  deciding whether to award fees. *See, e.g.*, *id.* at 593−95 (holding that conduct that
26  warranted deterrence included filing a complaint that was over 900 pages long with
27  hundreds of separate claims, engaging in discovery abuses, engaging in sharp pre-trial
28  tactics, and filing hundreds of suits based on an overbroad legal theory); *Tresona*, 953

F.3d at 654 (holding that conduct warranted deterrence where a plaintiff brought an objectively unreasonable claim against "a public school teacher, a not-for-profit Boosters Club, and parent volunteers"); *see also Ventura Content Ltd. v. Motherless Inc.*, No. 2:11-cv-05912, 2013 WL 12122569, at *4 (C.D. Cal. Oct. 30, 2013), *aff'd* 885 F.3d 597 (9th Cir. 2018) ("[C]ourts have held that there is no need for deterrence when neither party has any improper motivation in litigating a case, both parties have an important economic interest, and the matter of the litigation has some importance for Copyright law.").

### iii. Weighing the Factors

Overall, three factors—objective reasonableness, motivation, and the need for deterrence—weigh against a fee award. The Court affords substantial weight to the objective reasonableness of Plaintiff's position. *See Kirtsaeng*, 579 U.S. at 205 (holding that giving substantial weight to the objective reasonableness of a losing party's position "promote[s] the Copyright Act's purposes…by enhancing the probability that both creators and users…will enjoy the substantive rights the statute provides."). The reasonableness factor is not dispositive, but when considered together with the lack of evidence of improper motivation and the fact that Plaintiff did not exhibit conduct that should be deterred, attorneys' fees are not warranted here. *See, e.g., Ventura Content*, 2013 WL 12122569, at *4, *aff'd* 885 F.3d 597 (9th Cir. 2018) (declining to award fees where "neither party has any improper motivation in litigating a case, both parties have an important economic interest, and the matter of litigation has some importance for Copyright law."); *Seltzer*, 725 F.3d at 1181 (vacating a fee award in a "close and difficult" fair use case). That remains so even though Defendants enjoyed a high degree of success on the merits and need to be compensated, given the strength of the other factors.

### B. Costs Motion

Plaintiff does not oppose Defendants' arguments in support of their Costs Motion, other than to argue that the Costs Motion is "moot" without explanation or

citation to authority. (Opp'n, Docket No. 158 at 15). The Court disagrees that the Costs Motion is moot. Moreover, because Plaintiff "do[es] not address [Defendants'] argument" in the Costs Motion, the Court "treats [Defendants'] argument as unopposed, and the lack of opposition is grounds for granting the Motion." *United Artists Corp. v. United Artist Studios LLC*, No. CV 19-828-MWF-MAAx, 2019 WL 8221088, at *6 (C.D. Cal. Aug. 2, 2019) (citing L.R. 7-12). The Court accordingly **GRANTS** the Costs Motion on procedural grounds. (Docket No. 153).

### III. CONCLUSION

In sum, the Court **DENIES** the Fees Motion and **GRANTS** the Costs Motion. The Court **ORDERS** that the Court's Judgment, (Docket No. 147), be and hereby is amended and modified to provide that the Defendants are the prevailing parties and entitled to seek recovery of costs as permitted by law.

**IT IS SO ORDERED.**

Dated: March 18, 2024

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

12