Peter Anderson, Esq., Cal. Bar No. 88891
  peteranderson@dwt.com
Sean M. Sullivan, Esq., Cal. Bar No. 229104
  seansullivan@dwt.com
Eric H. Lamm, Esq., Cal. Bar No. 324153
  ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Tel: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
SAMUEL SMITH, NORMANI KORDEI HAMILTON, also sued as SONGS OF NKH, JAMES NAPIER, TOR HERMANSEN and MIKKEL ERIKSEN, also sued as STARGATE, UMG RECORDINGS, INC., UNIVERSAL MUSIC GROUP, INC., SONY MUSIC PUBLISHING (US) LLC, EMI BLACKWOOD MUSIC INC., EMI APRIL MUSIC INC., SONY CORPORATION OF AMERICA, 45TH AND 3RD MUSIC LLC, TIM & DANNY MUSIC LLC, DOWNTOWN MUSIC PUBLISHING LLC, NAUGHTY WORDS LIMITED, SONY/ATV MUSIC PUBLISHING (UK) LTD., sued as "Sony/ATV Music Publishing Ltd.," and EMI MUSIC PUBLISHING LTD

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Sound and Color, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Samuel Smith, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-01508-WLH-AS<br><br>JOINT STATEMENT<br><br>Date: August 1, 2025<br>Time: 1:30 p.m. |

**JOINT STATEMENT**

Pursuant to the Court's July 8, 2025, Order (Doc. 172), this Joint Statement is respectfully submitted by plaintiff Sound and Color, LLC ("Plaintiff") and defendants Samuel Smith, Normani Kordei Hamilton, also sued as Songs of NKH, James Napier, Tor Hermansen and Mikkel Eriksen, also sued as Stargate, UMG Recordings, Inc., Universal Music Group, Inc., Sony Music Publishing (US) LLC, EMI Blackwood Music Inc., EMI April Music Inc., Sony Corporation of America, 45th and 3rd Music LLC, Tim & Danny Music Publishing LLC, Downtown Music Publishing LLC, Naughty Words Limited, Sony/ATV Music Publishing (UK) LTD., and EMI Music Publishing Ltd.

**1.     Steps to Be Taken Prior to Trial**

**(a)     The Motions to Dismiss That Were Pending When the Court Granted Summary Judgment as to the Extrinsic Test**

Prior to the Court's September 6, 2023, Order granting summary judgment, the Court had granted the Motions to Dismiss filed by certain of the Defendants, with leave to amend. A Second Amended Complaint was filed, and when the Court granted summary judgment, the following two fully-briefed Motions were pending:

- The Federal Rule of Civil Procedure 12(b)(2) Motion of three English companies, defendants Naughty Words Limited, Sony/ATV Music Publishing (UK) LTD., and EMI Music Publishing Ltd., to dismiss Plaintiff's Second Amended Complaint as to them, for lack of personal jurisdiction (Docs. 120, 128, and 133); and
- Defendants' Rule 12(b)(6) Motion to dismiss the Second Amended Complaint's claim for vicarious copyright infringement, for failure to state a claim (Docs. 122, 129, and 134)

The Court took these two Motions under submission on August 21, 2023 (Doc. 143), and due to the grant of summary judgment, has not ruled on them. Counsel for

///

1

Plaintiff and Defendants agree that an initial step on remand is for the Court to rule on those two Motions.

**(b)     Discovery as to Issues Other than the Extrinsic Test**

Pursuant to the parties' Stipulation (Doc. 54) and the Court's Order (Doc. 55) on that Stipulation, the Court set an initial phase of bifurcated discovery limited to the extrinsic test and whether actual sounds in Plaintiff's sound recording are recaptured in Defendants' sound recording. All other discovery in this action was stayed. *See* Order at 3:3-6, and ¶ 4 ¶ 5. Plaintiff subsequently voluntarily dismissed its sound recording claim (Doc. 97). This Court granted summary judgment for the Defendants on the extrinsic test, which the Ninth Circuit reversed and remanded.

Now that the case has been remanded, what is left to be addressed is discovery as to Plaintiff's claim for direct infringement of its alleged musical composition copyright and, if it survives the pending Rule 12(b)(6) Motion, Plaintiff's claim for vicarious copyright infringement.

Other than expert discovery as to the extrinsic test, no discovery has been conducted as to Plaintiff's claim or claims, their respective elements, and Defendants' defenses. At a minimum, the discovery remaining to be conducted includes, as to liability, fact and potentially expert discovery as to the creation of the allegedly infringed work, Plaintiff's standing and ownership of a valid copyright, and Plaintiff's contention that Defendants' work was copied from Plaintiff's work, which includes discovery as to Plaintiff's claim that its work was widely disseminated, that the creators of Defendants' work had access to Plaintiff's work, that the works share substantial similarities probative of the alleged copying, and Defendants' defense of independent creation. The primary issues, however, will likely be song creation and access, whether by wide dissemination or a chain of events theory.

Discovery also has not been conducted as to Plaintiff's claim for actual damages and profits, which in turn includes at a minimum fact and expert discovery as to each Defendants' revenues from the alleged infringement, each Defendants' deductible

expenses associated with the alleged infringement, each Defendants' profits, and the allocation of profits to factors other than the alleged infringement.

      **(c)**     **Proposed Schedule**

           **(1)**     **Whether Liability and Damages Discovery Should Be Bifurcated**

The parties disagree as to whether the remaining discovery should be bifurcated between (1) the remaining issues as to liability and (2) issues as to damages.

Plaintiff asks that the remaining liability and damages discovery proceed together as is normally done, with a single set of deadlines. Plaintiff does not agree to bifurcation, especially as it was not included in the initial bifurcation agreement. Also, the Ninth Circuit, during oral argument indicated that it did not think bifurcation was helpful. Defendants' view as to bifurcation is set out below.

Defendants ask that the remaining liability and damages discovery be bifurcated because the witnesses, proof, and legal issues as to liability and damages in a copyright infringement case are different and severable. The witnesses as to liability will be the creators of Plaintiff's musical composition, the creators of Defendants' musical composition, and third parties, as to Plaintiff's claim of copying. On the other hand, the witnesses as to damages—namely, actual damages (by law, a hypothetical reasonable license fee) and profits attributable to the alleged infringement—will be business managers, in-house financial witnesses, and financial experts, as to each Defendants' revenues, deductible expenses, and profits attributable to the alleged infringement. Damages discovery, which is invasive and expensive, will be rendered unnecessary if Plaintiff cannot establish liability, which—including Plaintiff's claims of widespread dissemination and access by a chain of events—is hotly disputed. Further, review of the archived recording of the Court of Appeals' argument confirms that a Judge did raise several times that bifurcation as to the extrinsic test alone was unhelpful, but because it did not allow the panel to consider whether Plaintiff's allegedly copied elements are even original, which is a liability issue. Accordingly,

3

1  Defendants believe that bifurcation of liability and damages will promote efficiency,
2  without significant delay, and intend to file a motion to bifurcate liability and damages
3  discovery.
4         Plaintiff, for numerous reasons, does not agree that Defendants be permitted a
5  second bite at the bifurcation apple, and will respond to the motion when filed. Unified
6  discovery is the norm and Defendants have presented no compelling justification as
7  to why a *second* bifurcated discovery period should be entertained. It will result in
8  unnecessary delay. The only real justification is Defendants' assertion that access is
9  in dispute and their convenient speculation that damages discovery may therefore not
10 be necessary. However, without any discovery being conducted, Plaintiff has
11 compelling proof of widespread distribution which would satisfy his burden on access.
12 His experts also contend that there is striking similarity between the musical
13 compositions at issue. Lastly, there are numerous indications Defendants did in fact
14 have access to the song, which will be pursued in discovery. If Defendants are
15 permitted to again move for summary judgment before damages discovery is
16 conducted, the case will be extended for at least half a year while the motion is
17 decided—for a case that is already almost 3.5 years old. The parties would then have
18 to engage in yet more discovery, before the case is even close to being trial ready. The
19 point made by the appellate panel was that assessing bifurcated case and issue is harder
20 when not all facts have been established. Conducting damages discovery in the normal
21 course also has the added benefit of allowing the parties to assess the worth of the case
22 as it concerns potential resolution. On that note, Defendants have an ulterior motive
23 for the bifurcation request because they want to avoid financial discovery which will
24 reveal how valuable the song is (publicly reported information indicates that it has
25 been streamed significantly in excess of several billion times). However, Plaintiff has
26 passed the motion to dismiss phase, and summary judgment on the main liability issue,
27 and the next step is damages discovery.
28 ///

**(2)     Without Bifurcation of Liability and Damages Discovery**

If the remaining discovery is not bifurcated, the parties propose the following deadlines:

- Fact discovery cutoff: March 13, 2026
- Initial expert disclosures:  March 13, 2026
- Rebuttal expert disclosures: April 3, 2026
- Expert discovery cut-off: April 24, 2026
- Dispositive motions deadline: May 22, 2026

**(3)     With Bifurcation between Liability and Damages**

If the remaining discovery is bifurcated, the parties propose the following deadlines

**Liability (as to remaining liability issues)**

- Fact discovery cutoff: January 30, 2026
- Initial expert disclosures: January 30, 2026
- Rebuttal expert disclosures: February 20, 2026
- Liability expert discovery cut-off: March 13, 2026
- Dispositive motions re liability by: April 17, 2026

**Damages**

- Fact discovery cutoff: August 14, 2026
- Initial expert disclosures:  August 14, 2026
- Rebuttal expert disclosures: September 4, 2026
- Liability expert discovery cut-off: September 25, 2026

**2.     The Timing of Settlement Discussions**

Counsel engaged in informal settlement discussions at the outset of the case and also after the Court granted summary judgment, but Defendants do not believe a settlement is achievable at this juncture.   They request that the Court set a settlement conference deadline after the completion of discovery and the Court's ruling on any

dispositive motions, with the parties free to arrange for an earlier settlement conference if they believe doing so would be productive.

Dated: July 21, 2025

          /s/ AJ Fluehr
Alfred (AJ) Fluehr, Esq.
FRANCIS ALEXANDER, LLC
-and-
Steven T. Lowe, Esq.
Lowe & Associates
Attorneys for Plaintiff
SOUND AND COLOR, LLC

Dated: July 21, 2025

          /s/ Peter Anderson
Peter Anderson, Esq.
Sean M. Sullivan, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
SAMUEL SMITH, NORMANI KORDEI HAMILTON, JAMES NAPIER, TOR HERMANSEN, MIKKEL ERIKSEN, UMG RECORDINGS, INC., UNIVERSAL MUSIC GROUP, INC., SONY MUSIC PUBLISHING (US) LLC, EMI BLACKWOOD MUSIC INC., EMI APRIL MUSIC INC., SONY CORPORATION OF AMERICA, 45TH AND 3RD MUSIC LLC, TIM & DANNY MUSIC LLC, DOWNTOWN MUSIC PUBLISHING LLC, NAUGHTY WORDS LIMITED, SONY/ATV MUSIC PUBLISHING (UK) LTD. and EMI MUSIC PUBLISHING LTD.

## **Attestation Regarding Signatures**

The undersigned attests that all signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized its filing.

Dated: July 21, 2025

          /s/ Peter Anderson
Peter Anderson, Esq.