Peter Anderson, Esq., Cal. Bar No. 88891
    peteranderson@dwt.com
Cydney Swofford Freeman, Esq., Cal. Bar No. 315766
    cydneyfreeman@dwt.com
Eric H. Lamm, Esq., Cal. Bar No. 324153
    ericlamm@dwt.com
Alex Cadena, Esq., Cal. Bar No. 352442
    alexcadena@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Tel: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
SAMUEL SMITH, NORMANI KORDEI
HAMILTON, also sued as SONGS OF NKH,
JAMES NAPIER, TOR HERMANSEN and
MIKKEL ERIKSEN, also sued as STARGATE,
UMG RECORDINGS, INC., UNIVERSAL
MUSIC GROUP, INC., SONY MUSIC
PUBLISHING (US) LLC, EMI BLACKWOOD
MUSIC INC., EMI APRIL MUSIC INC., SONY
CORPORATION OF AMERICA, 45TH AND
3RD MUSIC LLC, TIM & DANNY MUSIC LLC,
and DOWNTOWN MUSIC PUBLISHING LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| Sound and Color, LLC, | Case No. 2:22-cv-01508-WLH-AS |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | DEFENDANTS' <u>OPPOSED EX PARTE APPLICATION FOR ORDER</u> REQUIRING PLAINTIFF'S DESIGNATED WITNESS, JORDAN VINCENT, AND ROSCO BANLAOI TO APPEAR FOR DEPOSITIONS |
| Samuel Smith, | |
| Defendants. | |

## EX PARTE APPLICATION

**PLEASE TAKE NOTICE** that defendants Samuel Smith, Normani Kordei Hamilton, also sued as Songs of NKH, James Napier, Tor Hermansen and Mikkel Eriksen, also sued as Stargate, UMG Recordings, Inc., Universal Music Group, Inc., Sony Music Publishing (US) LLC, EMI Blackwood Music Inc., EMI April Music Inc., Sony Corporation of America, 45th and 3rd Music LLC, Tim & Danny Music LLC, and Downtown Music Publishing LLC ("Defendants") hereby apply ex parte before the Honorable Alka Sagar, United States Magistrate Judge presiding, of the above-entitled Court, located at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 540, for an Order requiring Plaintiff Sound & Color LLC's ("Plaintiff") co-owner and designated Rule 30(b)(6) witness, Jordan Vincent, to appear for deposition on March 23, 2026, and another of Plaintiff's co-owners, Rosco Banlaoi, to appear for deposition on March 26, 2026.

This Application is made pursuant to Local Rule 7-19, Federal Rules of Civil Procedure 30 and 37(d), and this Court's procedures. Defendants have good cause to bring this application on an *ex parte* basis for the following reasons:

1.    The parties agreed that (a) the deposition of Jordan Vincent, who is a purported author of Plaintiff's allegedly infringed work and is Plaintiff's designated Federal Rule of Civil Procedure 30(b)(6) witness, would occur on March 18, 2026, and (b) the deposition of Rosco Banlaoi, who is credited as a producer of Plaintiff's allegedly infringed work, would occur on March 19, 2026. Accordingly, Defendants noticed Plaintiff's deposition and served subpoenas directed to Mr. Vincent and Mr. Banlaoi for those dates.

2.    On March 18, 2026, Mr. Vincent and Plaintiff's counsel, A.J. Fluehr, failed to appear at the deposition, which was noticed for 10:00 a.m. At 10:21 a.m., Mr. Fluehr emailed Defendants' counsel stating that Plaintiff was unilaterally cancelling Mr. Vincent's deposition and that Mr. Banlaoi also would not appear for his deposition the following day. Mr. Fluehr stated they would not appear because a

1

third party, Trumal Darden, had produced documents over which Plaintiff asserts the attorney-client privilege. But Plaintiff received Defendants' Subpoena to Mr. Darden on February 9, 2026, and never served objections to Mr. Darden's production of documents that Plaintiff now claims to be privileged. Also, Plaintiff waited until after the start of Mr. Vincent's deposition to send an email refusing to appear on the basis of its dubious privilege claim. In any event, Plaintiff's belated claim of privilege is not a basis to disregard a deposition notice or subpoena.

3. Pursuant to the Court's January 14, 2026, Order (Doc. 189), the current Fact Discovery Cutoff is March 31, 2026. There is accordingly insufficient time to seek the requested relief by noticed motion. Because Defendants had no reason to believe that Mr. Vincent or Mr. Banlaoi would fail to appear at their depositions until March 18, 2026, Defendants are not at fault in creating this emergency.

4. In light of other depositions in this case currently scheduled for March 24, 25, and 27, 2026, Defendants request that Mr. Vincent be ordered to appear for deposition on March 23, 2026, and Mr. Banlaoi be ordered to appear for deposition on March 26, 2026.

5. Defendants will be irreparably prejudiced if Plaintiff's designated witness, Mr. Vincent, and Mr. Banlaoi, are not ordered to appear for their depositions.

### IDENTIFICATION OF COUNSEL

Plaintiff's counsel of record is Alfred J. (AJ) Fluehr, Francis Alexander LLC, 31 S. Chester Road, Swarthmore, PA 19081, aj@francisalexander.com, (215) 341-1063, and Steven T. Lowe, Esq., Lowe & Associates, 8383 Wilshire Boulevard, Suite 1038, Beverly Hills, CA 90211, steven@lowelaw.com.

Defendants are represented by Peter Anderson, Cydney Freeman, Eric Lamm, and Alex Cadena of Davis Wright Tremaine LLP. The contact information for Defendant's counsel is listed on the caption page above.

2

## NOTICE OF THIS *EX PARTE* APPLICATION

Pursuant to Local Rules 7-19 and 7-19.1, following Mr. Vincent's failure to appear for deposition on March 18, 2026, Defendants' counsel emailed Mr. Fluehr asking him to provide alternative deposition dates for Mr. Vincent and Mr. Banlaoi by the end of the day, and informing him that Defendants intended to file this Application if he did not.  Later that afternoon, Defendants' counsel attempted to call Mr. Fluehr to provide oral notice of the intent to seek ex parte relief, and sent another email informing him again of Defendants' Ex Parte Application.  That evening, Mr. Fluehr sent an email stating that Mr. Vincent and Mr. Banlaoi "cannot go forward with depositions at this time."  The following morning, Mr. Fluehr confirmed that Plaintiff did "not agree" with Defendants' new proposed deposition dates and would "respond to [this] application."  *See* Lamm Decl. at 3-4 ¶¶ 16-21, Ex. 9.

This Application is based upon the attached Memorandum of Points and Authorities; the Declaration of Eric Lamm and Exhibits filed concurrently; the complete papers, files, pleadings, and records on file in this action, as well as such further oral and documentary evidence that may be presented at any hearing on this Application.

Dated: March 19, 2026

*/s/ Eric H. Lamm, Esq.*

Peter Anderson, Esq.
Cydney Swofford Freeman, Esq.
Eric H. Lamm, Esq.
Alex Cadena, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
SAMUEL SMITH, NORMANI KORDEI HAMILTON, JAMES NAPIER, TOR HERMANSEN, MIKKEL ERIKSEN, UMG RECORDINGS, INC., UNIVERSAL MUSIC GROUP, INC., SONY MUSIC PUBLISHING (US) LLC, EMI BLACKWOOD MUSIC INC., EMI APRIL MUSIC INC., SONY CORPORATION OF AMERICA, 45TH AND 3RD MUSIC LLC, TIM & DANNY MUSIC LLC, and DOWNTOWN MUSIC PUBLISHING LLC

# **MEMORANDUM OF POINTS AND AUTHORITIES**

## **1.    INTRODUCTION**

In this copyright case, Plaintiff alleges that Defendants' work *Dancing with a Stranger*, written by Sam Smith and others, infringes Plaintiff's purported copyright in a song Plaintiff calls *Dancing with Strangers*.  Plaintiff is a limited liability company allegedly owned by Jordan Vincent, a purported author of *Dancing with Strangers* and performer on the sound recording of that song, Christopher Miranda, another purported author and credited producer of *Dancing with Strangers*, and Rosco Banlaoi, who is or was Mr. Miranda's alleged production partner and co-owner of the *Dancing with Strangers* copyright.  *See* SAC (Doc. 114) at 1-2 ¶¶ 5-6, 20 ¶ 101.

Here, Defendants apply ex parte for an Order requiring Mr. Vincent and Mr. Banlaoi to appear for their depositions because they willfully failed to appear.  The parties agreed that Mr. Vincent's deposition would occur on March 18, 2026 and that Mr. Banlaoi's deposition would occur on March 19, 2026.  Lamm Decl. at 1 ¶¶ 3-7; Exs. 2-5.  Because Mr. Vincent was the designated Rule 30(b)(6) witness for Plaintiff, Defendants noticed Plaintiff's deposition for the same date and time as Mr. Vincent's deposition.  Lamm Decl. at 1-2 ¶ 6.

Approximately twenty minutes after Mr. Vincent's deposition was scheduled to begin, Plaintiff's counsel emailed Defendants' counsel stating that neither Mr. Vincent nor Mr. Banlaoi would appear for their depositions.  Lamm Decl. Ex. 9 at 4. Plaintiff's claimed justification for failing to appear was that a third party, Trumal Darden, in responding to a Subpoena propounded by Defendants, produced documents that included emails with Mr. Vincent and Plaintiff's counsel that Plaintiff claims are privileged.  *See* Lamm Decl. at 2-3 ¶¶ 9-15.  But Plaintiff's excuse is disingenuous.  Plaintiff timely received Defendants' Subpoena and never objected to it, or even mentioned that it might include supposedly privileged correspondence.  *Id.* at 2 ¶¶ 9-10; Ex. 7.  Furthermore, Mr. Darden had already produced numerous documents that Plaintiff's counsel received nearly one week before the deposition, yet

Plaintiff's counsel never raised the issue of privilege. *Id.* at 2-3 ¶¶ 9-10, 12-15. Finally, immediately after opening one email Mr. Darden produced on March 17, 2026 that Defendants' counsel believed could be subject to a claim of privilege, Defendants' counsel stopped reviewing that email and any further emails and notified Plaintiff's counsel. *Id.* at 3 ¶ 15; Ex. 9 at 6. In any event, Plaintiff's dubious privilege claim does not allow Mr. Vincent or Mr. Banlaoi to simply disregard a deposition notice or subpoena. Defendants' Ex Parte Application should accordingly be granted.

## 2. THE COURT SHOULD ORDER THAT PLAINTIFF, MR. VINCENT, AND MR. BANLAOI APPEAR FOR DEPOSITIONS

### (a) Plaintiff, Mr. Vincent, and Mr. Banlaoi Have Willfully Failed to Appear for Their Noticed Depositions

Federal Rule of Civil Procedure 30 authorizes a party to take the deposition of "any person." Under Federal Rule of Civil Procedure 37, "a party may move for an order compelling discourse disclosure and discovery," which "encompasses an order to attend a deposition." *Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1222 (9th Cir. 2018). A party's failure to appear for a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2); *Societe Civile Succession Guino v. Renoir*, 305 F. App'x 334, 338 (9th Cir. 2008).

Here, Defendants properly noticed Plaintiff's deposition for the agreed-upon date of March 18, 2026, at 10:00 a.m., by serving a Notice of Deposition at that time. Lamm Decl. Exs. 2-3; *Sali*, 884 F.3d at 1222 ("Rule 37 explicitly authorizes the court to sanction parties for failing to attend their own depositions…. No subpoena is needed."). Additionally, Defendants sought Mr. Vincent's and Mr. Banlaoi's

///

///

///

///

5

attendance pursuant to Rule 45 Subpoenas, and Plaintiff's counsel accepted service of those Subpoenas on each of their behalf.  *See* Lamm Decl. at 1-2 ¶¶ 3-7, Exs. 1, 4-5.[1]

Yet, Mr. Vincent failed to appear at his deposition, and Plaintiff's counsel unequivocally represented that Mr. Banlaoi will not appear at his deposition on March 19, 2026, either.  Lamm Decl. at 3 ¶¶ 16-17; Ex. 9 at 4.  Furthermore, neither Mr. Vincent nor Mr. Banlaoi served objections to their respective Subpoenas.  Lamm Decl. at 2 ¶ 8.  And while Plaintiff served objections to Defendants' Notice of Plaintiff's Deposition, the objections were merely to the scope of the Rule 30(b)(6) topics, not to the agreed-upon date or time; indeed Plaintiff's objections state that Plaintiff "is providing a representative to testify regarding [the topics]."  *Id*. Ex. 6 at 3-8.

**(b)** **There Is No Merit to Plaintiff's Last-Minute Excuse for Mr. Vincent's and Mr. Banlaoi's Refusal to Appear for Deposition**

As noted above, Plaintiff's counsel bases Mr. Vincent's and Mr. Banlaoi's last-minute refusal to appear for their depositions because Mr. Darden, a third party who is not represented by Plaintiff's counsel, produced documents that Plaintiff claims are privileged.  *See* Lamm Decl. Ex. 9 at 2-5.  But Plaintiff's purported excuse is both meritless and irrelevant.

Mr. Darden is the apparent owner of an unincorporated business called "Rayne Records" and, according to Plaintiff, promoted Jordan Vincent's song in 2018.  SAC (Doc.114) at 2 ¶¶ 11-12.  Accordingly, on February 9, 2026, Defendants gave notice to Plaintiff's counsel that they would be serving a Subpoena on Mr. Darden.  Lamm Decl. at 2 ¶ 9, Ex. 7.  Although that Subpoena expressly sought, among other things, Mr. Darden's communications mentioning or regarding Plaintiff's song or this

---

[1] Furthermore, because Mr. Vincent and Mr. Banlaoi are alleged owners of Plaintiff, the Court has the power to order *Plaintiff* to produce them for deposition even absent a validly served Subpoena.  *See Sali*, 884 F.3d at 1224, 1224 n.4.

6

litigation, Plaintiff neither objected to the Subpoena nor moved for a protective order. Lamm Decl. at 2 ¶ 10.

On March 9, 2026, Mr. Darden sent Defendants' counsel a link to a Google drive containing various documents, which Defendants' counsel downloaded and produced to Plaintiff's counsel on March 11, 2018. Lamm Decl. at 2 ¶¶ 11-12, Ex. 8 at 4. Defendants' counsel had no reason to believe that any documents Mr. Darden produced were privileged: For example, none of the documents Defendants' counsel reviewed contained communications with any attorneys. And Plaintiff's counsel did not raise any issue with respect to that production until after Mr. Vincent's deposition was scheduled to begin. Lamm Decl. at 2 ¶¶ 10, 13.

On March 17, 2026, at 5:35 p.m., Mr. Darden sent a blank email to Defendants' counsel that had various other emails attached to it. *See* Lamm Decl. Ex. 9 at 6-7. After noticing that one attached email appeared to be between Plaintiff and Plaintiff's counsel, and on which Mr. Darden was copied, Defendants' counsel immediately ceased reviewing Mr. Darden's production, notified Plaintiff's counsel, and asked Plaintiff's counsel to "advise whether [Plaintiff] asserts privilege over any of these documents, and if so, which." Lamm Decl. at 3 ¶ 15, Ex. 9 at 6. In response, Plaintiff's counsel made a blanket assertion of "privilege and work product over every record produced by Rayne Records." *Id.* Ex. 9 at 5. But Plaintiff's blanket assertion was frivolous—indeed, Rayne Records' initial production included many documents that Plaintiff itself has already produced in this litigation. Lamm Decl. at 2-3 ¶ 13. Plaintiff's counsel also stated: "we need to consider the proper remedy for this, absent disqualification of defense counsel, but [we] do not see how the bell can be unrung." Lamm Decl. Ex. 9 at 5.

Plaintiff's suggestion that Defendants' counsel should be "disqualified" is absurd. Defendants' counsel *immediately* closed Mr. Darden's production and notified Plaintiff's counsel after beginning to review one email that caused Defendants' counsel to believe Plaintiff may assert a claim of privilege. Lamm Decl.

7

at 3 ¶ 15.  Also, by that time, Plaintiff's counsel had been on notice of Defendants' Subpoena to Mr. Darden for more than one month, and had been in possession of Mr. Darden's initial production for nearly one week.  Lamm Decl. at 2 ¶¶ 9-12.  Yet, Plaintiff's counsel never suggested that Mr. Darden might be in possession of privileged documents and apparently made no attempt contact Mr. Darden before his productions to Defendants' counsel.  In short, to the extent Plaintiff now contends that Defendants inadvertently received privileged documents, that is Plaintiff and its counsel's own fault.  Finally, to the extent any records produced by Mr. Darden are in fact privileged, Mr. Vincent likely waived the privilege by disclosing them to or including a third party witness.

In any event, Plaintiff's assertion of privilege over documents produced by Mr. Darden is irrelevant.  The Federal Rules of Civil Procedure do not permit Plaintiff to disregard a Notice of Deposition and direct its owners to disregard Subpoenas.  *See* Fed. R. Civ. P. 37(d)(1)(A)(i) (court may issue sanctions if a party or a party's officer, director, or managing agent … [or 30(b)(6) witness] … fails, after being served with proper notice, to appear for that person's deposition").  Plaintiff's proper remedy would be to identify the specific privileged materials so that Defendants could sequester them and/or seek a protective order, which Plaintiff has refused to do.  *See* Lamm Decl. Ex. 9 at 3-4, 6; Fed. R. Civ. P. 37(d)(2) (A party's failure to appear for a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)").  Defendants' Ex Parte Application should accordingly be granted.

**(c)** **Defendants' Relief Should Be Granted on an Ex Parte Basis**

A party seeking ex parte relief must establish that (1) its case "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and (2) it is "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission*

8

*Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Defendants' Ex Parte Application satisfies this standard.

As for the first element, the fact discovery cutoff in this case is March 31, 2026—twelve days from today.  Order, Doc. 189.  Additionally, Defendants are unable to accommodate deposition dates other than March 23, 2026 for Mr. Vincent and March 26, 2026, for Mr. Banlaoi, including because the parties' agreed to a schedule under which Mr. Vincent's deposition would proceed before other currently scheduled depositions in this case.  Lamm Decl. at 4 ¶ 21.

Furthermore, Defendants will be irreparably prejudiced if their requested relief is not granted and they are deprived of an opportunity to depose Mr. Vincent and Mr. Banlaoi.  Mr. Vincent is Plaintiff's co-owner, designated Rule 30(b)(6) witness, and apparently Plaintiff's key witness on, among other things, Plaintiff's ownership of the allegedly infringed copyright, the creation of Plaintiff's work, and Plaintiff's claim that Defendants had access to Plaintiff's work (including, for example, the extent of dissemination of Plaintiff's work).  Mr. Banlaoi likewise is expected to testify as to Plaintiff's ownership of the copyrighted work, the extent of his involvement in the creation of the work, and the dissemination of Plaintiff's work.

As for the second factor, Defendants are clearly not at fault for the urgency necessitating ex parte relief.  Defendants diligently scheduled these depositions, and even attempted to reschedule the depositions after Plaintiff's counsel refused to produce Mr. Vincent and Mr. Banlaoi for their depositions.  Lamm Decl. at 1 ¶ 3, Ex. 9 at 2-4.  And Defendants had no warning that Mr. Vincent would refuse to appear based on a belated and dubious claim that a third party produced privileged documents.  Accordingly, ex parte relief is justified and necessary in this case.  *See, e.g., Edge Sys. LLC v. Ageless Serums LLC*, 2021 WL 7286039 at *1 (C.D. Cal. Nov. 15, 2021) (holding that a plaintiff "easily met the standard for *ex parte* relief" when a defendant failed to appear at a deposition eight days before the discovery cutoff date); *King v. OCWEN Loan Servicing, LLC*, 2017 WL 11631991 at *2 (C.D. Cal. Mar. 27,

2017) (granting *ex parte* application to compel a deposition when a plaintiff refused to appear for a deposition scheduled on the last day before the discovery cutoff).

**3.    CONCLUSION**

Defendants respectfully request that the Court grant this Application and Order Plaintiff's designated witness, Mr. Vincent, and Mr. Banlaoi to appear for deposition on March 23, 2026, and March 26, 2026, respectively.

Dated: March 19, 2026

/s/ Eric H. Lamm, Esq.

Peter Anderson, Esq.
Cydney Swofford Freeman, Esq.
Eric H. Lamm, Esq.
Alex Cadena, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
SAMUEL SMITH, NORMANI KORDEI
HAMILTON, JAMES NAPIER, TOR
HERMANSEN, MIKKEL ERIKSEN,
UMG RECORDINGS, INC., UNIVERSAL
MUSIC GROUP, INC., SONY MUSIC
PUBLISHING (US) LLC, EMI
BLACKWOOD MUSIC INC., EMI APRIL
MUSIC INC., SONY CORPORATION OF
AMERICA, 45TH AND 3RD MUSIC
LLC, TIM & DANNY MUSIC LLC, and
DOWNTOWN MUSIC PUBLISHING
LLC

10

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants who have appeared in this action, certifies that this Memorandum contains 2,071 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 19, 2026                            /s/ Eric H. Lamm, Esq.
                                                 Eric H. Lamm, Esq.

11