UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Sound and Color, LLC,

        Plaintiff,

        v.

Samuel Smith, Normani Kordei Hamilton, Stargate, Mikkel Storleer Eriksen, Tor Erik Hermansen, James John Napier, Universal Music Group, Universal Music Operations Limited, UMG Recordings Inc., Sony Music Group, Sony Corporation of America, Sony/ATV Music Publishing LLC, Sony/ATV Music Publishing Ltd., Sony/ATV Songs LLC, EMI Music Publishing LTD, EMI April Music Inc., EMI Blackwood Music Inc., Downtown Music Publishing LLC, Salli Isaak Songs LTD, Naughty Words Limited, Songs of NKH, Stellar Songs Limited, Stellar Songs, Tim & Danny Music LLC, 45th & 3rd Music LLC,

        Defendants.

Case No. **2:22-cv-01508-WLH-AS**

**ORDER ON STIPULATION RE: PLAINTIFF'S CONTENTIONS AS TO THE ELEMENT OF FACTUAL COPYING [202]**

On May 27, 2026, plaintiff Sound and Color, LLC ("Plaintiff") and defendants Samuel Smith, Normani Kordei Hamilton, James Napier, Tor Hermansen, Mikkel Eriksen, UMG Recordings, Inc., Universal Music Group, Inc., Sony Music Publishing (US) LLC, EMI Blackwood Music Inc., EMI April Music Inc., Sony Corporation of America, 45th and 3rd Music LLC, Tim & Danny Music LLC, and Downtown Music Publishing LLC (collectively, "Defendants") filed their Stipulation Re: Plaintiff's Contentions as to the Element of Factual Copying.  The Court, having considered the parties' Stipulation and finding good cause therefor, hereby **GRANTS** the Stipulation and **ORDERS** as follows:

1.       As to the copyright infringement element that copying occurred, Plaintiff has withdrawn its allegations and contentions that it can demonstrate the authors of Defendants' *Dancing with a Stranger* musical composition ("SS") had a reasonable possibility of access to Plaintiff's *Dancing with Strangers* a/k/a *Dancing with a Stranger* ("JV") by way of a particular chain of intermediary individuals, companies, or events, or because JV was widely disseminated.

2.       Plaintiff has also withdrawn its allegations and contentions that it can demonstrate a reasonable possibility of access by way of alleged similarities between the music videos for JV and SS, and/or between a business card for Sound & Color LLC and a visual design that appears in the music video for SS.

3.       Plaintiff's contention at summary judgment is that JV and SS are strikingly similar, as the basis to establish that copying in fact occurred, which Plaintiff contends is supported by expert testimony and other facts regarding Plaintiff's song's public availability and Defendants' creative process.

        **IT IS SO ORDERED.**

Dated: June 18, 2026

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

2