Peter Anderson, Esq., Cal. Bar No. 88891
peteranderson@dwt.com
Cydney Swofford Freeman, Esq., Cal. Bar No. 315766
cydneyfreeman@dwt.com
Eric H. Lamm, Esq., Cal. Bar No. 324153
ericlamm@dwt.com
Alex Cadena, Esq., Cal. Bar No. 352442
alexcadena@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071
Tel: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
SAMUEL SMITH, NORMANI KORDEI HAMILTON, also sued as SONGS OF NKH, JAMES NAPIER, TOR HERMANSEN and MIKKEL ERIKSEN, also sued as STARGATE, UMG RECORDINGS, INC., UNIVERSAL MUSIC GROUP, INC., SONY MUSIC PUBLISHING (US) LLC, EMI BLACKWOOD MUSIC INC., EMI APRIL MUSIC INC., SONY CORPORATION OF AMERICA, 45TH AND 3RD MUSIC LLC, TIM & DANNY MUSIC LLC, and DOWNTOWN MUSIC PUBLISHING LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| Sound and Color, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Samuel Smith, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-01508-WLH-AS<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Date: August 14, 2026<br>Time: 1:30 p.m.<br><br>Courtroom of the Honorable<br>Wesley L. Hsu<br>United States District Judge |

# TABLE OF CONTENTS


Page

1. INTRODUCTION ....................................................................... 1
2. THE "HOOKS" ARE NOT STRIKINGLY SIMILAR ........................................ 1
   (a) Plaintiff Conflates Striking Similarity with the Extrinsic Test ................ 1
   (b) Plaintiff's Experts Negate Striking Similarity ...................................... 2
      (1) The Claimed Similarities Are Not So Unique or Complex that Coincidence Is Virtually Impossible ........................................... 2
      (2) Plaintiff's Expert Testimony that JV's Hook Is Not Found in the Prior Art Does Not Rule Out Independent Creation ............... 4
      (3) "Very Similar" Is Not Strikingly Similar ..................................... 5
   (c) Plaintiff's Objections to Defendants' Musicologists Are Frivolous ....... 6
   (d) Plaintiff's "Other Evidence" Fails to Rebut Independent Creation......... 6
3. JV'S USE OF INFRINGING SAMPLES BARS PLAINTIFF'S CLAIM........ 7
   (a) Defendants Need Not Show That the "Hook" of JV Is "Derived from" the Unauthorized Samples ........................................................ 7
   (b) The Hook Occurs in Parts of JV Containing Infringing Material ........... 8
   (c) The Infringing Samples Pervade JV ...................................................... 9
   (d) Plaintiff Fails to Establish That Any Defenses Apply to JV's Use of Infringing Samples.......................................................................... 9
   (e) Defendants Met and Conferred Regarding the Sampling Issue............. 10
4. CONCLUSION ......................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Stallone*,
No. 87-0592, 1989 WL 206431 (C.D. Cal. Apr. 25, 1989) .................................... 7

*Biani v. Showtime Networks, Inc.*,
153 F.4th 957 (9th Cir. 2025)........................................................................ 1, 2, 3

*Calhoun v. Lillenas Publ'g*,
298 F.3d 1228 (11th Cir. 2002)................................................................................ 3

*Chafir v. Carey*,
No. 06 Civ. 3016, 2007 WL 2702211 (S.D.N.Y. Sept. 17, 2007) .......................... 4

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*,
499 U.S. 340 (1991) ................................................................................................ 1

*Frisby v. Sony Music Entm't*,
No. CV 19-1712, 2021 WL 2325646 (C.D. Cal. Mar. 11, 2021), *aff'd in part, dismissed in part*, No. 21-55586, 2022 WL 2045340 (9th Cir. June 7, 2022)...... 10

*Gaste v. Kaiserman*,
863 F.2d 1061 (2d Cir. 1988) .................................................................................. 3

*Granite Music Corp. v. United Artists Corp.*,
532 F.2d 718 (9th Cir. 1976) .................................................................................. 4

*Guzman v. Hacienda Records & Recording Studio, Inc.*,
808 F.3d 1031 (5th Cir. 2015) ................................................................................. 4

*Hanagami v. Epic Games, Inc.*,
85 F.4th 931 (9th Cir. 2023) .................................................................................... 2

*Johannsongs-Publishing Ltd. v. Lovland*,
No. CV 18-10009, 2020 WL 2315805 (C.D. Cal. Apr. 3, 2020), *aff'd* No. 20-55552, 2021 WL 5564626 (9th Cir. Nov. 29, 2021).......................................... 6

*Lopez v. City of Riverside*,
No. CV 21-02140, 2022 WL 19296343 (C.D. Cal. Nov. 15, 2022) ..................... 10

*McRae v. Smith*,
968 F. Supp. 559 (D. Col. 1997) .......... 4

*Muller v. 20th C. Fox Film Corp.*,
794 F. Supp. 2d 429 (S.D.N.Y. 2011) .......... 3

*Palladium Music, Inc. v. EatSleepMusic, Inc.*,
398 F.3d 1193 (10th Cir. 2005) .......... 9

*Russell v. Price*,
612 F.2d 1123 (9th Cir. 1979) .......... 7

*Selle v. Gibb*,
741 F.2d 896 (7th Cir. 1984) .......... 2, 4, 5

*Skidmore v. Led Zeppelin*,
952 F.3d 1051 (9th Cir. 2020) .......... 1

*Sobhani v. @Radical.Media Inc.*,
257 F. Supp. 2d 1234 (C.D. Cal. 2003) .......... 7

*Stabile v. Paul Smith Ltd.*,
137 F. Supp. 3d 1173 (C.D. Cal. 2015) .......... 5, 6

*Swirsky v. Carey*,
376 F.3d 841 (9th Cir. 2004) .......... 2

*U.S. Auto Parts Network, Inc. v. Parts Geek, LLC*,
692 F.3d 1009 (9th Cir. 2012) .......... 7

*Yonay v. Paramount Pictures Corp.*,
163 F.4th 685 (9th Cir. 2026) .......... 2

**Statutes**

17 U.S.C.
§ 101 .......... 8
§ 103(a) .......... 1, 7, 8, 10
§ 103(b) .......... 7
§ 501(b) .......... 9

**Other Authorities**

1 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 6.03 (2026) .......... 9

2 W.F. PATRY, PATRY ON COPYRIGHT § 3:58 (2026) .................................................. 8

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Plaintiff's briefing confirms that its claim fails as a matter of law.

As for copying, Plaintiff concedes it cannot show a reasonable possibility of access and must prove that the three-second vocal "hooks" are strikingly similar, *i.e.*, that as a practical matter it is impossible that the claimed similarities could be coincidental. However, it is undisputed that the handful of claimed similarities are not unique, and they appear in various combinations in prior art. Accordingly, Plaintiff fails to show it is virtually impossible for those similarities to also appear in SS.

Plaintiff's claim is also barred by 17 U.S.C. Section 103(a) because JV makes extensive use of infringing samples, which always accompany the "hook" at issue. Plaintiff does not seriously dispute these facts or that the infringing samples pervade JV in its entirety. Defendants' Motion should accordingly be granted.

## 2. THE "HOOKS" ARE NOT STRIKINGLY SIMILAR

### (a) Plaintiff Conflates Striking Similarity with the Extrinsic Test

Plaintiff argues that the Court of Appeals' ruling as to the extrinsic test for substantial similarity in protected expression precludes summary judgment here. *See, e.g.*, Jt. Br. (Doc. 204-1) at 2; Facts (Doc. 204-02) 146-148. But striking similarity is fundamentally different and far more stringent than substantial similarity. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (similarity probative of copying and substantial similarity in protected expression are "distinct concepts"). The extrinsic test asks whether the objective similar elements are protectable (*id.*)—that is, whether they meet the "low" standard of originality. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 362 (1991). By contrast, striking similarity "is a high bar" that, in rare cases, permits plaintiffs without proof of access to infer copying if it is "*virtually impossible*" for the similarities to arise independently. *Biani v. Showtime Networks, Inc.*, 153 F.4th 957, 962 (9th Cir. 2025); *see* Jt. Br. at 11-16. As a result, the Court of Appeals' holding in no way suggests that Plaintiff can prove striking similarity.

Plaintiff's arguments as to selection and arrangement and that Defendants' experts improperly "filtered" (Jt. Br. at 27-28, 40)—they did not—are also misplaced. Selection and arrangement and filtering relate to protectability. *Yonay v. Paramount Pictures Corp.*, 163 F.4th 685, 696-97 (9th Cir. 2026); Jt. Br. at 27-28, 40 (Plaintiff's citation of *Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004), and *Hanagami v. Epic Games, Inc.*, 85 F.4th 931, 942 (9th Cir. 2023), both of which discuss the extrinsic test, not striking similarity). Plaintiff's claim that the hooks share a protectable selection and arrangement does not establish striking similarity. Defs' Resp. to Objs. 1-5.

**(b) Plaintiff's Experts Negate Striking Similarity**

**(1) The Claimed Similarities Are Not So Unique or Complex that Coincidence Is Virtually Impossible**

The claimed similarities in the "hooks" of SS and JV—"dancing with a stranger," a pitch sequence that begins on 7 and ends on 3, a downward melodic contour, and metric placement of syllables (*see* Facts 16, 26-27, 34, 47, 160)—are not in such a "unique or complex" context that independent creation is "*virtually impossible*." *Biani*, 153 F.4th at 962; *accord* *Selle v. Gibb*, 741 F.2d 896, 904 (7th Cir. 1984); Jt. Br. at 16-19. Indeed, contrary to what Plaintiff suggests (Jt. Br. at 31), ***Dr. Stewart admits none of the claimed similarities are unique***. Facts 28, 35, 44. Instead, the lyrics "dancing with a stranger," a downward melodic contour, and the claimed metric placement are commonplace. Facts 18-19, 36, 48-51. While Dr. Stewart claims that pitch sequences from 7 to 3 are "uncommon" (Facts 28, 177), a 7 to 3 pitch sequence is merely a snippet of a generic descending minor scale, and there are 7 to 3 pitch sequences in other melodies to which the lyrics "dancing with a stranger" or similar phrases are sung.[1] Facts 29, 33, 37-39. Furthermore, "uncommon"

---

[1] Plaintiff incorrectly defines melodic contour to include not only the direction of pitch movement (up or down), but also the particular beginning and ending pitches.

is not the standard; the similarities must be "unique" and virtually impossible for them to be coincidental. *Biani*, 153 F.4th at 962; Jt. Br. at 13-15.

Nor are the similarities in a "complex" context making it virtually impossible for them to be coincidental. Plaintiff concedes that nothing else in all of JV and SS supports an inference of copying (Facts 16, 65, 72; *see also generally* Facts 56-80) and hinges its striking similarity argument on the seven- and eight-note, ***three-second melodies*** to which "dancing with a stranger" are sung. *See* Audio Exs. 1 at 1:12-1:15, 2 at 0:53-0:55. Also, Plaintiff's experts concede the hooks are short and simple. Stewart 2023 Decl. (Doc. 204-4) at 23 ¶ 30; Bricklin 2023 Decl. (Doc. 204-4) at 8 ¶ 30; *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002) ("practically identical" melodies not strikingly similar given melodies were "simple" and "of a short length"). Courts have rejected claims of striking similarity in cases with far more extensive similarities than those here. Jt. Br. at 17, 19 (citing cases); *Muller v. 20th C. Fox Film Corp.*, 794 F. Supp. 2d 429, 443 (S.D.N.Y. 2011) (expert list of hundreds of claimed similarities failed to raise triable issue as to striking similarity).

Plaintiff is also wrong in claiming this case presents "the exact same scenario" as *Gaste v. Kaiserman*, 863 F.2d 1061 (2d Cir. 1988). Jt. Br. at 36. In *Gaste*, "not one measure [of defendants' work] … [could not] be traced back to something [in plaintiff's work]." *Gaste*, 863 F.2d at 1068. But here Plaintiff admits JV and SS are overall completely different outside the short hooks. Also, in *Gaste*, the songs shared at the same place a "modulation" resulting from the change of "B seventh" and "E dominant seventh" chords to a C chord, which the plaintiff's expert had "never seen … in any other compositions." *Id.* at 1068, n.4. Here, there is no such unique similarity.

---

Jt. Br. at 29. All experts define contour *just* as direction. Facts 23, 40-41, 175. Plaintiff then relies on its unsupported definition to claim that the "melodic contour," rather than a 7 to 3 pitch sequence, is uncommon, when it is not. Facts 36, 177.

**(2) Plaintiff's Expert Testimony that JV's Hook Is Not Found in the Prior Art Does Not Rule Out Independent Creation**

Plaintiff argues that no single prior artwork contains all the claimed similarities between JV's and SS's hooks in combination. Jt. Br. at 3, 10, 35. If that were sufficient to raise a triable issue as to striking similarity, then striking similarity would be no more stringent than substantial similarity. *See* above at 1-2.

Further, prior art with *similar*, even if not identical, musical phrases negates striking similarity because that prior art shows the similarities are of the type that could conceivably arise by coincidence or from a prior common source. *Granite Music Corp. v. United Artists Corp.*, 532 F.2d 718, 720-21 (9th Cir. 1976) ("Evidence of ***similar*** musical phrases appearing in prior works is also logically relevant to rebut the inference of copying.") (emphasis added); *Selle*, 741 F.2d at 905 (evidence of other songs with "superficial similarities" to songs at issue negated striking similarity); *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1040 (5th Cir. 2015) (evidence that "other songs expressed the same phrases, attitudes, and expressions encompassed in [16 identical words in songs at issue]" precluded striking similarity); *Chafir v. Carey*, No. 06 Civ. 3016, 2007 WL 2702211 at *5 (S.D.N.Y. Sept. 17, 2007) (summary judgment granted despite plaintiff's expert testimony; the "elements comprising the hook[s]" "standing alone" were "commonplace").

Here, prior art proves the claimed similarities appear in various combinations in many songs before JV. Facts 31-33, 36-39, 48-51; *see McRae v. Smith*, 968 F. Supp. 559, 567 (D. Col. 1997) (no striking similarity where earlier songs contained "some combination" of similarities at issue). ***Plaintiff's experts do not dispute Dr. Ferrara's finding that a hook with the claimed similarities could have been written by combining elements from songs before JV***. Ferrara Decl. (Doc. 204-3) at 8 ¶ 25.

For example, the Jon Burr Band's *Dancing with a Stranger* includes the lyrics at issue, a pitch sequence from 7 to 3 (7-5-4-3-4-3), and an overall downward melodic contour with the exception that the syllable "stran-" moves up by one pitch. Facts 32,

37. And in Kim Herte and the Federation's *Dance with a Stranger*, "dance with a stranger" has identical metric placement, and there are other similarities in pitch and rhythm.[2] Facts 38, 39, 48. Plaintiffs' experts do not explain how those similarities could be coincidental, whereas the similarities here could not.

**(3) "Very Similar" Is Not Strikingly Similar**

Plaintiff's expert testimony that the hooks are "very similar," "nearly identical," or "sound the same" (Jt. Br. at 28-31) does not establish striking similarity. Even identical portions of two works may not be the result of copying where, for example, the earlier works have similar elements, or the portions are short and not complex. *Id.* at 21-22; *Selle*, 741 F.2d at 903 (stating striking similarity is "not merely a function of the number of identical notes"); *Stabile v. Paul Smith Ltd.*, 137 F. Supp. 3d 1173, 1189 (C.D. Cal. 2015) (finding expert testimony as to nearly identical designs insufficient).

Further, striking similarity is negated by the undisputed differences, including that JV's and SS's hook melodies have different numbers of notes, with different pitch sequences and different rhythms, and differences in their overall downward melodic contours. Jt. Br. at 17-19, 30; Facts 26-27, 40-42, 45-47. Indeed, Dr. Stewart's own transcription shows only two notes have the same pitch and metric placement, and even those have different durations. Fact 43.

Plaintiff's experts attempt to downplay a difference—that the JV hook includes two "6" pitches while SS does not. They dismiss JV's "6" pitches as "insignificant passing notes" (Jt. Br. at 31; Fact 90) and claim there is a slide "from 7 to 5" in SS that, they argue, "quickly passes through 6" (Jt. Br. at 30; Fact 174). But downplaying differences does not establish that the similarities are the result of copying. Also, Plaintiff is merely highlighting additional differences, because there are no "6" passing tones in SS, there is no "slide" in JV, and the "slide" in SS is in a very different place

[2] Plaintiff attempts to dispute the pitches found in prior art by claiming that Dr. Ferrara did not analyze the keys of prior art songs. Plaintiff is wrong, and also offers no evidence to contradict the pitches Dr. Ferrara assigned. *See* Objs. 32-33.

than the "6" pitches in JV. *See* Facts 173-174.

Plaintiff also claims that defendant Tor Hermansen, who is neither a musicologist nor a designated expert, was unable to identify differences between the hooks of JV and SS at his deposition. Jt. Br. at 2. However, Mr. Hermansen testified not that the hooks are the same, but that identifying specific differences "requires a little bit more technical knowledge" than he has. Fact 193.

Plaintiff's conclusory and equivocal expert opinions (Facts 81-84) are not proof that independent creation of SS's short "hook" is virtually impossible. Jt. Br. at 20-23; *Stabile*, 137 F. Supp. 3d at 1189. Plaintiff's claim accordingly fails as a matter of law.

**(c) Plaintiff's Objections to Defendants' Musicologists Are Frivolous**

Plaintiff argues that Defendants' musicologists, Dr. Ferrara and Dr. Sadoff, should be excluded because they "only describ[e] … differences." Jt. Br. at 37. But they analyzed all of the claimed similarities in far greater detail than Dr. Stewart, and unlike Dr. Stewart, they also showed differences and, by analyzing prior art, that the claimed similarities are generic and commonplace. *See* Ferrara Decl. Ex. 1 (Doc. 204-3) at 6-47; *id.* Ex. 2 (Doc. 204-3) at 4-39; Sadoff Decl. Ex. 5 (Doc. 204-3) at 13-18. That is proper musicological methodology under the extrinsic test. *See Johannsongs-Publ'g Ltd. v. Lovland*, No. CV 18-10009, 2020 WL 2315805 at *5 (C.D. Cal. Apr. 3, 2020) (crediting Dr. Ferrara's opinions), *aff'd* No. 20-55552, 2021 WL 5564626 (9th Cir. Nov. 29, 2021). And while this Motion instead concerns striking similarity, that the claimed similarities are trite, and that there are differences, also are relevant to striking similarity. *See* above at 2-6; Defs' Resp. to Objs. 1-5, Obj. 25.

**(d) Plaintiff's "Other Evidence" Fails to Rebut Independent Creation**

Finally, Plaintiff argues that JV was "heavily shopped" and, resorting to inadmissible character assassination, that Mx. Smith and Mr. Napier's "songwriting process is not independent." Jt. Br. at 45-47. But Plaintiff has conceded those arguments do not raise a reasonable possibility of access, and they are not relevant to whether the similarities at issue are the result of copying. *See id.* at 23-24; Facts 95-

98; Objs. at 52-57.

**3. JV'S USE OF INFRINGING SAMPLES BARS PLAINTIFF'S CLAIM**

**(a) Defendants Need Not Show That the "Hook" of JV Is "Derived from" the Unauthorized Samples**

Plaintiff's claim also fails under 17 U.S.C. Section 103(a) because JV is an infringing derivative work that makes extensive use of unauthorized samples, because the hook always occurs in the parts of JV that use the infringing samples, and separately because the samples pervade JV in its entirety. *See* Jt. Br. at 24-27.

Plaintiff argues, without any authority, that JV's hook must have been "***actually derive[d] from [the] prior work***" in order to lose copyright protection under Section 103(a). *Id.* at 42-43. Plaintiff misstates the law. New expression in an unauthorized derivative work loses protection if it is in "any part of the work in which [the infringing] material has been used unlawfully." 17 U.S.C. § 103(a); Jt. Br. at 24-25; *U.S. Auto Parts Network, Inc. v. Parts Geek, LLC*, 692 F.3d 1009, 1016 (9th Cir. 2012); *Sobhani v. @Radical.Media Inc.*, 257 F. Supp. 2d 1234, 1239 (C.D. Cal. 2003) (holding that "[p]laintiff is [not] entitled to copyright protection in the *new elements* of his works").

Plaintiff's argument that the only consequence of creating an infringing derivative work is the loss of copyright protection in the material "derived" from the preexisting work (Jt. Br. at 43-44) ignores that derivative copyrights *never extend* to "the preexisting material employed in the work …." 17 U.S.C. § 103(b); *Russell v. Price*, 612 F.2d 1123, 1128 (9th Cir. 1979) (It is "well-established doctrine that a derivative copyright … [does] not [protect] the matter derived from the underlying work."). Plaintiff's argument would render Section 103(a) toothless.

Similarly, Plaintiff's claim that case law under Section 103(a) is invalid because new material in derivative works is protected under Section 103(b) (*see* Jt. Br. at 43:22-44:3) reads Section 103(a)'s express limitation for infringing works out of existence. *See also Anderson v. Stallone*, No. 87-0592, 1989 WL 206431 at *9 (C.D. Cal. Apr. 25, 1989) (rejecting argument that in adopting Section 103(a), "Congress intended

protection for the non-infringing portions of [infringing] derivative works").

**(b) The Hook Occurs in Parts of JV Containing Infringing Material**

Plaintiff does not seriously contest that the infringing samples occur throughout the choruses, breakdown, and other sections of JV containing the hook, and always accompany the hook. Facts 127, 129-134, 136-138, 139. For that reason alone, the hook is unprotectable. 17 U.S.C. § 103(a); 2 W.F. PATRY, PATRY ON COPYRIGHT § 3:58 (2026) (to remain protectable, new matter "cannot be present in 'any part of the [derivative] work' that contains infringing material").

Plaintiff tries to argue that JV consists of two separately written works—Mr. Vincent's lyrics and melody and Mr. Miranda's and Mr. Banlaoi's instrumental "beat"—and claim that only the instrumental is infringing. Jt. Br. at 43:8-9. But that is flatly contradicted by Mr. Vincent's and Mr. Miranda's deposition testimony that Mr. Vincent used Mr. Miranda's instrumental track to write the melody of the hook. Fluehr Decl. Ex. 13 (Doc. 204-5) at 32:25-34:1 (Mr. Miranda testifying that Mr. Vincent wrote the melody to JV "listening to the track" in a writing session with him); *id*. Ex. 11 (Doc. 204-5) at 53:11-56:13 (Mr. Vincent testifying he wrote the "hook" portion of JV in the first writing session with Mr. Miranda). Similarly, Plaintiff argues that the samples are separate from the hook because they are "sound recording" samples whereas the hook consists of musical composition elements. Jt. Br. at 43:10-11. But Plaintiff ignores Defendants' expert testimony that the samples contain protectable musical composition elements and that those elements are integral to JV's overall arrangement of musical expression. *Id*. at 25:21-26:9; Facts 107-113, 118-124.

Further, Plaintiff's two-separate-works argument is not how copyright works. When, as here, one person prepares an instrumental and another adds vocals or other elements to create musical composition, the result is a joint work. 17 U.S.C. § 101 ("A 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole."); 1 M. NIMMER & D. NIMMER, NIMMER ON COPYRIGHT § 6.03 (2026) ("[J]oint authorship

occurs even … [if] joint authors do not work together in their common design ….”). That Mr. Vincent and Mr. Miranda intended to create a joint work is supported not only by their testimony but also by the copyright registration of JV as a joint work, with each of them authors of JV's “sound recording, lyrics and music.” Fluehr Decl. Ex. 1 (Doc. 204-5). For this additional reason, Plaintiff's two-works argument fails.

**(c) The Infringing Samples Pervade JV**

To the extent any such showing is required, it is also beyond dispute that each of the samples pervades the entirety of JV, playing continuously for a majority of the song. *See* Jt. Br. at 27:9-16; Facts 126-137.

Plaintiff argues the samples do not “pervade the composition of [JV's hook] lyrics and vocal melody.” Jt. Br. at 43. But Plaintiff ignores that the hook is merely a component of JV, an unlawful derivative work pervaded by infringing samples. *See* Fluehr Decl. Ex. 1 (copyright registration). The relevant inquiries are instead whether the hook occurs in the parts of JV with the samples (it does), and alternatively, whether the samples pervade JV (they do). Jt. Br. at 24-25.

Plaintiff argues the samples are “almost imperceptible.” *Id.* at 42. However, they are clearly heard throughout JV, including the drums. *See* Facts 127, 134 (identifying timings in Audio Ex. 1). That they are joined with other sounds in JV's “layered” musical arrangement does not change that they pervade JV. Facts 140-142.

**(d) Plaintiff Fails to Establish That Any Defenses Apply to JV's Use of Infringing Samples**

Plaintiff argues that Defendants do not have “standing” to challenge Plaintiff's copyright. Jt. Br. at 44:13-18. However, Plaintiff relies on Section 501(b), which identifies who is “***entitled … to institute an action***” for infringement, which Defendants have not done. 17 U.S.C. § 501(b) (emphasis added). And Defendants are perfectly entitled to raise that Plaintiff lacks a valid copyright. *See Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1197-1200 (10th Cir. 2005) (affirming summary judgment; defendants established plaintiff's karaoke recordings were

unauthorized derivative works of third-party compositions); *Frisby v. Sony Music Entm't*, No. CV 19-1712, 2021 WL 2325646 at *12, *23 (C.D. Cal. Mar. 11, 2021) (defendants established plaintiff's musical work infringed third-party copyright), *aff'd in part, dismissed in part*, No. 21-55586, 2022 WL 2045340 (9th Cir. June 7, 2022).

Plaintiff also claims it is "unknown" whether the defenses of de minimis use, fair use, public domain, or waiver apply. Jt. Br. at 44:19-22. But if Plaintiff actually believes those defenses apply, it has failed to argue and prove them. *Lopez v. City of Riverside*, No. CV 21-02140, 2022 WL 19296343 at *1 (C.D. Cal. Nov. 15, 2022) (conclusory assertions without argument are waived).

**(e) Defendants Met and Conferred Regarding the Sampling Issue**

Finally, Plaintiff argues that Defendants are "attempting to obtain a ruling [regarding Section 103(a)] by surprise." Jt. Br. at 44:23-28. Yet, Plaintiff admits the issue was raised in the Local Rule 7-3 conference. *Id.* And Plaintiff's unsupported claim that Defendants' counsel "refused" to provide case law is false. At the Court's request, Defendants' counsel will provide a Declaration that he simply did not have citations readily available in the Local Rule 7-3 conference and that he provided them the next day, roughly three weeks before Defendants provided their moving papers. Furthermore, the issue involves unauthorized samples in *Plaintiff's own work* that were discussed in the depositions of Plaintiff's principals, in Defendants' timely disclosed expert reports, and even in a rebuttal report by Plaintiff's expert. There is no merit to the claim of surprise.

## 4. CONCLUSION

Defendants respectfully submit that their Motion should be granted.

Dated: July 21, 2026

/s/ Peter Anderson, Esq.

Peter Anderson, Esq.
Cydney Swofford Freeman, Esq.
Eric H. Lamm, Esq.
Alex Cadena, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Moving Defendants